# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

|  |  |
|---|---|
| WARRIORS AND FAMILY ASSISTANCE CENTER LLC, TONYA PRICE, MANRING & FARRELL ATTORNEYS AT LAW, and CLIFFORD FARRELL, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>TRAJECTOR INC., VET COMP & PEN MEDICAL CONSULTING, LLC, JAMES S. HILL II, GINA G. URIBE, and RICHARD S. BLASER,<br><br>        Defendants. | Case No. 1:23-cv-290<br><br><br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

Plaintiffs Warriors and Family Assistance Center LLC, Tonya Price, Manring & Farrell Attorneys at Law, and Clifford Farrell, individually, and on behalf of all others similarly situated, based upon personal knowledge as to themselves and on the investigation of their undersigned counsel as to all other matters, bring this class action against Defendants Trajector Inc., Vet Comp & Pen Medical Consulting, LLC (collectively, "Trajector

Medical"), James S. Hill II, Gina G. Uribe, and Richard S. Blaser

(collectively, "Defendants") and allege as follows:

## INTRODUCTION

Bad actors have targeted veterans and taken advantage of them during the claims process. This is inexcusable. Veterans are some of the finest among us, and to target them when they are looking for assistance with an overly complicated process is despicable and . . . illegal.

—Representative Tracey Mann (R-KS), opening statement in the *At What Cost? Ensuring Quality Representation in the Veteran Benefit Claims Process* hearing, April 27, 2022[1]

1.    This is an unfair-competition case under the Lanham Act. Plaintiffs and Defendants alike are in the business of assisting veterans with Department of Veterans Affairs ("VA") disability-compensation claims. Plaintiffs are attorneys and agents who are screened, qualified, accredited, and approved by the VA to assist with those claims. Defendants are not. But, as Chapter 38 of the Code of Federal Regulations states, "[n]o

---

[1] *At What Cost? Ensuring Quality Representation in the Veteran Benefit Claims Process Before the Joint Subcomms. on Disability Assistance & Memorial Affairs and Oversight & Investigations, H. Comm. on Veterans' Affairs*, 117th Cong. (2022) [hereinafter *Quality Representation Hr'g*] (opening statement of Rep. Mann), available at https://www.youtube.com/watch?v=zR_8byEaKUg (22:33 to 23:50). Statements presented at the hearing, cited later in this complaint, can be found at https://docs.house.gov/Committee/Calendar/ByEvent.aspx?EventID=114660.

individual may assist claimants in the preparation, presentation, and prosecution of claims for VA benefits as an agent or attorney unless he or she has first been accredited by [the] VA for such purpose." 38 C.F.R 14.629(b)(1).

2.    Neither Trajector Medical's employees nor the individual Defendants are accredited. Therefore, Defendants are not lawfully permitted to assist veterans in preparing disability claims. Despite this fundamental fact, Trajector Medical has assisted in preparing tens of thousands of disability claims to the VA and has charged veterans fees far exceeding those that accredited attorneys and agents can legally charge for doing so.

3.    In addition to the foregoing practices, Defendants have repeatedly made false statements that imply the VA approves of their services and falsely advertised the nature of their services. Defendants unfairly compete with Plaintiffs and other accredited attorneys and agents (and the entities through which they practice) who are following the rules and legally helping our disabled veterans. Indeed, Defendants have improperly collected hundreds of millions in fees that should rightfully have been collected by accredited attorneys and agents.

4.      This lawsuit seeks to put a stop to this unfair and illegal

scheme, which not only harms the business interests of properly accredited

attorneys and agents but also hurts our veterans.

5.      Members of the uniformed military services take an oath to

serve and protect our country. The government understands that the

courage and sacrifice of service results in millions of disabled veterans.

Recognizing their service, the VA offers veterans disability compensation, a

monthly tax-free payment covering a wide range of physical and mental

conditions. The payment, which can exceed $4,000 per month, assists the

veteran and their dependents.

6.      As of September 2022, nearly 18.6 million veterans live across

the United States—nearly 1.5 million in Florida—with about 5.6 million

veterans receiving VA disability compensation in fiscal year 2022.[2]

7.      Navigating the VA can be daunting, so the VA created a system

designed to protect veterans from those who would take advantage of that

---

[2] Nat'l Ctr. for Veterans Analysis & Statistics, VA, *Department of Veterans Affairs Statistics at a Glance* (June 30, 2023), https://www.va.gov/ VETDATA/docs/Quickfacts/Stats_at_a_glance_6_30_23.pdf; Nat'l Ctr. for Veterans Analysis & Statistics, VA, *Veteran Population* (Sept. 7, 2022), https://www.va.gov/vetdata/veteran_population.asp.

confusion. Veterans can turn to a variety of legal options for assistance. County representatives and nonprofit Veterans Service Organizations ("VSOs"), such as The American Legion and Veterans of Foreign Wars, provide free services. If a veteran prefers, they may contact for-profit accredited attorneys and agents like the Plaintiffs.

8.    Regardless of the veteran's selection, any person that assists the veteran with preparing, presenting, and/or prosecuting a VA claim must be accredited with the VA, which thoroughly regulates them. *See* 38 C.F.R. § 14.629(b)(1).

9.    Unfortunately, as the statement beginning this complaint (from a Congressional hearing about the practices of Trajector Medical and its peers) suggests, bad actors flout the rules. Trajector Medical is one. Its employees are not VA-accredited attorneys and agents. Its business model and conduct rely on taking advantage of veterans in vulnerable circumstances and on unfairly and unlawfully competing with accredited attorneys and agents.

10.    Defendants routinely violate a plethora of statutes and regulations meant to promote quality representation, foster fair competition among accredited attorneys and agents, and protect veterans'

rights to due process. Trajector Medical assesses illegal fees for assisting with initial claims; prepares, presents, and/or prosecutes claims before the VA (often under the guise of a *pro se* veteran); charges interest and late penalties on illegally prepared claims; fails to submit fee agreements to the VA and/or the VA's Accreditation, Discipline, & Fees Program's Office of General Counsel ("OGC"); bills veterans for claims assistance even when Trajector Medical never assisted with the claim; fails to sign or submit a power of attorney that complies with federal law; charges veterans for assistance with filing initial claims; charges fees that exceed the cap under federal law; and employs numerous other illegal tactics.

11.    Defendants position Trajector Medical as a "medical consulting" company, asserting in their marketing materials and to the SEC that Trajector Medical plays no part in preparing, presenting, and/or prosecuting claims and that its practices pass muster under the VA's regulations because they are related to medical-consulting services and do not constitute assistance with VA claims.

12.    These statements are false. Trajector Medical's employees regularly and routinely perform all sorts of illegal tasks that they may not carry out without accreditation. And for these services, Trajector Medical

charges exorbitant and illegal fees, fails to provide legally mandated procedural safeguards, and denies veterans due process rights provided by federal law.

13.    Defendants' disregard of the law permits them to unfairly compete with over 6,350 accredited attorneys and agents and the entities through which they provide services, like Plaintiffs. Their marketing materials falsely imply that their conduct is legal and that the VA approves of Trajector Medical's practices. Defendants also falsely advertise the nature of Trajector Medical's services and the fees that they charge. These unlawful practices hamper the ability of accredited attorneys and agents—who must follow all of the VA's rules—to fairly compete for veterans' business.

14.    During the Class Period, Defendants made several false statements on Trajector Medical's websites and in a public filing to the Securities and Exchange Commission that highlight their noncompliance with the law and how they unlawfully compete with accredited attorneys and agents. Those statements include, among many:

a.    "Our team of knowledgeable, dedicated associates is experienced in assessing medical and service records to relate symptoms and diagnoses to military service, in accordance with the 38CFR. Feel confident that your

history and records are thoroughly reviewed and used in developing the right medical evidence to support your VA disability benefits."[3]

b.    "We help each Veteran develop a personalized medical strategy based on their medical evidence, including identifying critical connections between symptoms and medical conditions to formal medical diagnoses and linking them when appropriate to their military service so that our clients may prepare and submit these claims to the VA."[4]

c.    "Our Veteran-VA focused services . . . assist[] Veterans in evaluating their disabilities to understand how those disabilities are connected to their military service and how those disabilities fit within the VA Disability Rating criteria used by the VA for determining compensation . . . ."[5]

15.    Unsurprisingly, when the VA addressed Defendants' illegal conduct in two separate cease-and-desist letters, it determined that these and other statements would cause a reasonable veteran to conclude that Defendants' services are provided for the purpose of assisting in the preparation, presentation, and prosecution of the veteran's disability-

---

[3] Trajector Medical, *Why Us?* (Dec. 1, 2021), https://web.archive.org/web/20211201071757/https://www.trajectormedical.com/why-us/.

[4] Trajector, Inc., Registration Statement (Form S-1) (Oct. 18, 2021) [hereinafter Trajector SEC Filing], https://www.sec.gov/Archives/edgar/data/1875772/000119312521300749/d180168ds1.htm.

[5] *Id.*

compensation claim, violating several statutes and regulations (including 38 U.S.C. §§ 5901–02, 5904 and 38 C.F.R. §§ 14.628–.629). Ex. A at 1–5; Ex. B at 1–5.

16.    The VA also concluded that Defendants and their employees are prohibited by law from preparing, presenting, and/or prosecuting disability-compensation claims. *Id.*

17.    Because of Defendants' unlawful conduct and false statements, Plaintiffs and others similarly situated—the accredited attorneys and agents, and the entities through which they provided services—have incurred substantial damages. With this action, they seek those damages, an injunction, and declaratory relief to address Defendants' unfair competition that violates the Lanham Act.

18.    That outcome is important both because it will protect the lawful business interests of Plaintiffs and the Class and because it will protect the interests of veterans who are subject to contracts of adhesion that mandate arbitration, meaning the veterans cannot readily attack Defendants' practices in court.

## JURISDICTION AND VENUE

19.    This Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1331 because Plaintiffs and Class members assert claims under the federal Lanham Act, 15 U.S.C. § 1125.

20.    This Court also has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(d) because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and it is a class action in which at least two-thirds of the Class members are citizens of states other than Defendants' states of citizenship.

21.    Diversity jurisdiction exists as well. The corporate Defendants are incorporated in Delaware and Wyoming, with their principal places of business in Florida. The individual Defendants are citizens of Florida. Plaintiff Warriors and Family Assistance Center LLC is incorporated in Georgia and Plaintiff Price is a citizen of Georgia, while Plaintiff Manring & Farrell Attorneys at Law is incorporated in Ohio and Plaintiff Farrell is a citizen of Ohio.

22.    This Court has personal jurisdiction over Defendants. Defendants Trajector, Inc. and Vet Comp & Pen Medical Consulting, LLC maintain their principal places of business in this District, conduct

substantial business in this District, maintain registered agents in this District, have sufficient contacts with this District, and otherwise purposely avail themselves of the markets in this District. Defendants Hill, Uribe, and Blaser reside in this District.

23.    Venue is proper in the Northern District of Florida under 28 U.S.C. § 1391 and in the Gainesville Division under N.D. Fla. Loc. R. 3.1(B).Defendants Trajector, Inc. and Vet Comp & Pen Medical Consulting, LLC maintain their principal places of business in this District, conduct substantial business in this District, maintain registered agents in this District, have sufficient contacts with this District, and otherwise purposely avail themselves of the markets in this District such that they are subject to this Court's personal jurisdiction. Defendants Hill, Uribe, and Blaser reside in this District and are subject to this Court's personal jurisdiction. In addition, a substantial part of the events giving rise to the claims Plaintiffs and members of the proposed Class assert occurred in this District and Division.

## PARTIES

24.    **Plaintiff Warriors and Family Assistance Center LLC** is incorporated in Georgia. Its principal place of business is 519 Pleasant

Home Road, Unit C, Augusta, GA, 30907. Plaintiff Tonya Price is the sole owner and managing member of Warriors and Family Assistance Center LLC. At all times material hereto, Warriors and Family Assistance Center LLC was the corporate entity through which Ms. Price provided services as a VA-accredited agent.

25.    **Plaintiff Tonya Price** is a natural person living in Augusta, Georgia. At all times material hereto, Ms. Price was a citizen of Georgia and a VA-accredited agent.

26.    **Plaintiff Manring & Farrell Attorneys at Law** is incorporated in Ohio. Its principal place of business is 5810 Shier Rings Road, Front, Dublin, OH 43016. Plaintiff Clifford Farrell is the managing partner of Manring & Farrell Attorneys at Law. At all times material hereto, Manring & Farrell Attorneys at Law was the corporate entity through which Mr. Farrell provided services as a VA-accredited attorney.

27.    **Plaintiff Clifford Farrell** is a natural person living in Dublin, Ohio. At all times material hereto, Mr. Farrell was a citizen of Ohio and a VA-accredited attorney.

28.    **Defendant Trajector, Inc.** is incorporated in Delaware. Its principal place of business is 410 SW 140th Terrace, Newberry, FL 32669.

Trajector, Inc. owns a controlling interest in Trajector Holdings, LLC, a Delaware corporation with its principal place of business at the same Newberry address. Trajector Holdings, LLC is the sole owner and managing member of Benefit Group Holdings, LLC, a Delaware corporation with its principal place of business at the same Newberry address. Benefit Group Holdings, LLC entirely owns or possesses a controlling membership interest in Defendant Vet Comp & Pen Medical Consulting, LLC.

29.    During the Class period, Defendant Trajector, Inc. marketed and sold its services to veterans in Florida and across the country. It unfairly competed with Plaintiffs and Class members by engaging in practices and making statements involving false association and false advertisements, violating the Lanham Act.

30.    **Defendant Vet Comp & Pen Medical Consulting, LLC** is incorporated in Wyoming. Its principal place of business is 410 SW 140th Terrace, Newberry, FL 32669. It does business under the name Trajector Medical.

31.    During the Class period, Defendant Vet Comp & Pen Medical Consulting, LLC marketed and sold its services to veterans in Florida and

across the country. It unfairly competed with Plaintiffs and Class members by engaging in practices and making statements involving false association and false advertisements, violating the Lanham Act.

32.    **Defendant James S. Hill II** is a natural person. Upon information and belief, he lives in Newberry, Florida. Upon information and belief, at all times material hereto, Mr. Hill was a citizen of Florida. Mr. Hill has been Defendant Trajector, Inc.'s Chairman and Co-CEO since April 21, 2021, and has served in executive and senior roles within the company and/or its affiliated entities for years. He is a cofounder of Trajector Inc.

33.    During the Class period, Mr. Hill played a key role in Defendants Trajector, Inc. and Vet Comp & Pen Medical Consulting, LLC's marketing and selling services to veterans in Florida and across the country. He unfairly competed with Plaintiffs and Class members by engaging in business practices and making statements involving false association and false advertisements prohibited by the Lanham Act and/or serving in a position within Trajector, Inc. in which he knew about, should have known about, and/or was responsible for those business practices and statements. Mr. Hill is not a VA-accredited attorney or agent.

34.    **Defendant Gina G. Uribe** is a natural person. Upon information and belief, she lives in Newberry, Florida. Upon information and belief, at all times material hereto, Ms. Uribe was a citizen of Florida. Ms. Uribe has been Defendant Trajector, Inc.'s Chief Medical Director and a director since April 1, 2021, and affiliated entities' Co-Chairman and Chief Medical Director since November 2014. She is a cofounder of Trajector, Inc.

35.    During the Class period, Ms. Uribe played a key role in Defendants Trajector, Inc. and Vet Comp & Pen Medical Consulting, LLC's marketing and selling services to veterans in Florida and across the country. She unfairly competed with Plaintiffs and Class members by engaging in business practices and making statements involving false association and false advertisements prohibited by the Lanham Act and/or serving in a position within Trajector, Inc. in which she knew about, should have known about, and/or was responsible for those business practices and statements. Ms. Uribe is not a VA-accredited attorney or agent.

36.    **Defendant Richard S. Blaser** is a natural person. Upon information and belief, he lives in Newberry, Florida. Upon information and belief, at all times material hereto, Mr. Blaser was a citizen of Florida. Mr. Blaser has been Defendant Trajector, Inc.'s Co-Chief Executive Officer

and a director since April 21, 2021. He has been Defendant Vet Comp &

Pen Medical Consulting, LLC's Co-Chief Executive Officer since December

2020. He is a cofounder of Trajector, Inc.

37.    During the Class period, Mr. Blaser played a key role in

Defendants Trajector, Inc. and Vet Comp & Pen Medical Consulting, LLC's

marketing and selling services to veterans in Florida and across the

country. He unfairly competed with Plaintiffs and Class members by

engaging in business practices and making statements involving false

association and false advertisements prohibited by the Lanham Act and/or

serving in a position within Trajector, Inc. in which he knew about, should

have known about, and/or was responsible for those business practices

and statements. Mr. Blaser is not a VA-accredited attorney or agent.

<strong>FACTUAL ALLEGATIONS</strong>

<strong><u>The VA Disability Compensation System Exists to Support Veterans</u></strong>

38.    For its entire existence, the United States has expressed an

ardent and enduring commitment to members of the uniformed services

disabled during their service. From the Revolutionary War, when the

Continental Congress provided pensions to disabled soldiers, to World

War I, after which Congress created the bureau that would become the

- 16 -

modern-day VA, the government has taken great pains to ensure disabled veterans are treated fairly and with the respect they are due. The result is that the United States now "has the most comprehensive system of assistance for Veterans of any nation in the world."[6]

39.    One form of assistance is VA disability compensation, which is meant to "make[] up for the potential loss of civilian wages or civilian working time" that the veteran fails to receive as a result of their injuries or medical conditions. As the VA explains: "It's basically the government saying, 'Hey, thanks for your service. You sacrificed your health for America, so we accept that your reduced health may impact your ability to live as comfortably as you would had you not gotten hurt/sick.'"[7]

40.    But that does not mean the system is simple or easy for veterans to navigate. To the contrary, it can be complex and difficult. Veterans submitting claims must provide detailed, specific evidence documenting their injuries or medical conditions, including records of their

---

[6] VA, *History Overview* (Aug. 17, 2023), https://department.va.gov/history/history-overview/.

[7] Jason Davis, VA, *Compensation 101: What Exactly Is VA Compensation?* (Feb. 1, 2017), https://news.va.gov/34844/compensation-101-what-exactly-is-va-compensation/.

time in the uniformed services and medical records like doctors' reports, X-rays, and test results.

41.    The VA requires veterans claiming disability compensation related to certain injuries or medical conditions to submit additional specialized evidence. For instance, a claim related to PTSD requires the veteran to complete a separate form requesting details of "stressful incidents."

42.    After a veteran files an initial or original claim (the VA's term for the first claim), the VA reviews the evidence, orders a medical examination, and renders a decision. If it determines the veteran is disabled, it assigns the veteran a disability rating, derived from the severity of the injury or medical condition and the VA's assessment of its effect on the veteran's overall health and ability to function. The disability rating, which is on a scale from 0 percent to 100 percent in 10 percent increments, determines the amount of the monthly payment and the veteran's eligibility for other VA benefits.

43.    VA disability compensation can be increased to compensate dependents such as a spouse, parent, or children. Depending on the circumstances, it can exceed $4,000 per month.

44.    Veterans have several legal options to assist with the complex claims process. They may turn to VSOs, whose accredited claims representatives assist veterans without charge. Some of the most well-known VSOs include The American Legion, Veterans of Foreign Wars, and Disabled American Veterans, among many other organizations employing VA-accredited agents.

45.    Once a veteran receives an initial claim rating, they may continue with their VSO or engage a for-profit VA accredited agent or attorney. But in order to maximize the benefits that flow directly to veterans, the VA has—by design—precluded any person or entity from receiving compensation for an initial claim. Defendants ignore that prohibition to fleece veterans right out of the gate.

46.    Congress empowered the VA to regulate individuals and entities assisting veterans with filing claims for disability compensation, much like a state bar regulates attorneys. Following that guidance, 38 C.F.R. § 14.629(b)(1) states that "[n]o individual may assist claimants in the preparation, presentation, and prosecution of claims for VA benefits as an agent or attorney unless he or she has first been accredited by VA for such purpose."

47.    Moreover, accredited agents and attorneys may only charge claimants or appellants for representation provided after an agency of original jurisdiction has issued notice of an initial decision on the claim or claims. The agent or attorney must also have complied with the power-of-attorney requirements in 38 C.F.R. § 14.631 and the fee-agreement rules in 38 C.F.R. § 14.636(c), (g).

48.    If the veteran is not satisfied with the VA's decision, they have multiple options. They may file a supplemental claim, providing more evidence. Or, they may request a higher-level review, in which case a more senior VA reviewer will revisit the claim without additional evidence.

49.    If those options leave the veteran unsatisfied (or if they choose to do so after the original claim), the veteran can request a board appeal, asking an administrative-law judge with the VA's Board of Veterans' Appeals (the "Board") to review the claim. In a Board appeal, the veteran may present new evidence and request a hearing. From there, the veteran may appeal a Board final decision to the U.S. Court of Appeals for Veterans Claims, and in turn to the U.S. Court of Appeals for the Federal Circuit and the U.S. Supreme Court.

50.     Besides the review process of the initial claim, veterans may file increased claims, asking the VA to increase the disability rating when the injury or medical condition has worsened. There are also new claims, when other benefits are requested in connection with an existing injury or medical condition, and secondary service-connected claims, when a new injury or medical condition arises in connection with an existing one, or when the government creates new benefits (as it has recently with the Honoring Our PACT Act, Pub L. 117-168, 136 Stat. 1759 (2022)). Suffice it to say, the process is multifaceted and often not straightforward.

51.     While the VA has taken steps to simplify and demystify the claims process, filing a claim is nevertheless often "an intimidating venture for veterans seeking compensation for service-connected disabilities[,] . . . filled with forms and terms that are unfamiliar and sometimes confusing for the uninitiated."[8]

52.     As of September 2022, nearly 18.6 million veterans live across the country—nearly 1.5 million in Florida—with about 5.6 million

---

[8] *Quality Representation Hr'g*, *supra* note 1 (statement of Marty Callaghan, Deputy Director of Claims Servs., The American Legion, at 1).

receiving VA disability compensation in fiscal year 2022.[9] And every day,

veterans submit more claims. In 2022 alone, the VA processed a record

more than 1.7 million disability-compensation and pension claims.[10] As of

October 28, 2023, 1,048,499 disability-compensation claims were pending

(not counting those before the Board or on appeal), with 93,100 in Florida

(the most of any state in the Southeast).[11]

53.     These numbers are expected to increase significantly with

passage of the Honoring Our PACT Act of 2022, which provides benefits to

potentially millions of veterans exposed to burn pits while serving in Iraq

and Afghanistan. Importantly, veterans with claims under the Act have a

presumptive condition for toxic exposure, making it even more likely that a

veteran can achieve a 100% rating for VA disability compensation from an

initial claim filing. In the absence of interlopers like Defendants that

---

[9] Nat'l Ctr. for Veterans Analysis & Statistics, *supra* note 2.

[10] Veterans Benefits Administration, VA, *Veterans Benefits Administration Reports: Detailed Claims Data* (Oct. 30, 2023), https://www.benefits.va.gov/reports/detailed_claims_data.asp.

[11] Veterans Benefits Administration, VA, *10/30/23 Monday Morning Workload Report* (Oct. 30, 2023), https://www.benefits.va.gov/REPORTS/mmwr/2024/MMWR-10-28-2023.xlsm ("Rating Bundle – State" tab; "Special Mission Selector" menu to "Compensation").

improperly charge for assistance with initial claims, those claims would be filed without paid assistance, allowing the veteran to keep all the money.

54.    The VA claims process is of paramount importance to millions of veterans and their families. Excessive costs incurred in navigating the process and difficulty in obtaining benefits harm veterans and their families' health and well-being.

## To Protect Veterans, the VA Regulates Accredited Attorneys and Agents

55.    The VA authorizes accredited attorneys and agents to assist veterans with supplemental claims, higher-level reviews, and appeals. Unlike the county and VSO representatives, accredited attorneys and agents may charge fees for assistance with steps other than the initial claim.

56.    Crucially, under 38 C.F.R. § 14.636(b), accredited attorneys and agents are the *only* organizations and people who may receive fees for services in connection with representing veterans before the VA or the Board. And for paid and unpaid services alike, the VA makes clear that "[n]o individual may assist claimants in the preparation, presentation, and prosecution of claims for VA benefits as an agent or attorney *unless* he or she has first been accredited by VA for such purpose." 38 C.F.R. § 14.636(b)(1) (emphasis added).

57.     Accredited attorneys and agents are highly regulated in order to protect the veterans they represent. One important requirement is that they must follow certain standards of professional conduct. "Congress has long recognized that, to prepare, present, and prosecute claims on behalf of veterans, VA can require a demonstration of competence," and 38 U.S.C. § 5904 and 38 C.F.R. § 14.632 outline the standards to which accredited attorneys and agents must adhere.[12] If an accredited attorney or agent violates those standards, the VA can cancel their accreditation and inform professional disciplinary authorities and law enforcement.

58.     To become and remain accredited, attorneys must submit an application to the VA; provide evidence of good standing from bars, courts, and agencies to which they are admitted; and complete continuing legal education ("CLE") requirements. Agents must submit an application, undergo a background check, pass a test of knowledge of relevant VA statutes and regulations, and complete CLE requirements.

---

[12] *Quality Representation Hr'g*, *supra* note 1 (statement of Diane Boyd Rauber, Exec. Director, National Organization of Veterans' Advocates, Inc., at 2–3).

59.    Accredited attorneys and agents also sign a power of attorney with the veteran, allowing them to request records on the veteran's behalf, access VA databases containing medical and other personal information, and act as the veteran's representative.

60.    The VA further protects veterans by regulating the fees accredited attorneys and agents may charge and their payment arrangements. A fee of 20% or less of any past-due benefits recovered by the accredited attorney or agent on the veteran's behalf is presumed to be reasonable, while a fee of over 33 and 1/3% of any past-due benefits is presumed to be unreasonable. 38 C.F.R. § 14.636(f)(1).

61.    Accredited attorneys and agents' fees may only be based on past-due benefits, a fixed fee, an hourly rate, or a combination of these options. *Id.* (e) They may not derive their fees from speculative future recoveries of benefits.

62.    Accredited attorneys and agents often enter into "withholding" contracts with veterans, in which the VA sets aside 20% from any past-due benefits recovered by the accredited attorney or agent on the veteran's behalf. *Id.* (h)(1). The accredited attorney or agent must submit the fee agreement to the VA within 30 days of its execution. *Id.* (h)(4).

Alternatively, the veteran may pay the accredited attorney or agent directly, in which case the accredited attorney or agent must file the fee agreement with the VA's Office of General Counsel. *Id.* If the fee is over 20% of any past-due benefits, the accredited attorney or agent must use the latter arrangement. *Id.* (g)(2).

63.    Another cornerstone of the VA disability process is a veteran's right to due process, providing them recourse if they believe the accredited attorney or agent has unfairly charged them. For instance, the VA's Office of General Counsel can review a fee agreement on its own or at the veteran's request and order that the accredited attorney or agent's fee be reduced. *Id.* (i).

64.    Fees charged by accredited attorneys and agents after an initial decision must comply with the power-of-attorney requirements of 38 C.F.R. § 14.631 and the fee-agreement requirements of 38 C.F.R. § 14.636(g).

65.    All agreements for fees for services must be in writing and signed by both the claimant or appellant and the accredited agent or attorney. Specifically, those agreements must (1) name the veteran; (2) name the claimant or appellant if other than a veteran; (3) name any disinterested third-party payer and the relationship between the third-

party payer and the veteran, claimant, or appellant; (4) set forth the applicable VA file number; and (5) contain the specific terms under which the amount to be paid for the services of the attorney or agent will be determined. 38 C.F.R. § 14.636(g)(1)(i–v).

66.    A copy of those signed written agreements must then be sent to either the VA or OGC within 30 days. 38 C.F.R. § 14.636(g)(3).

67.    No money may ever be charged or paid before a notice of the initial claim is issued. 38 U.S.C. § 5904(c)(1).

68.    Failure to comply with these fee regulations permits the VA to terminate the accredited attorney or agent's accreditation. *Id.* (j).

69.    These rules, in conjunction with a host of other regulations and guidelines governing accredited attorneys and agents' practice, are meant both to ensure veterans have quality representation in a complicated, fraught process and to safeguard them from predatory practices like those of Defendants.

## Unscrupulous Companies Like Trajector Medical Ignore the VA's Regulations and Mislead Veterans

70.    Unfortunately, for decades, bad actors have preyed on veterans seeking VA disability compensation. In more recent years, companies like Trajector Medical claiming to be "consultants" muddy the water by

blatantly ignoring the many regulations that govern practice before the VA.

These companies purport to provide "claim preparation" services and/or

"medical consultations." Many "target veterans seeking to increase their

disability rating."[13]

71.    As the VFW explained, in the wake of the COVID-19 pandemic,

these companies "viewed the chaos as an opportunity to exploit veterans,"

and their numbers have grown by more than 600 percent from 2020 to

2022.[14] They aggressively advertise directly to veterans, particularly on

social media.

72.    These companies, Trajector Medical among them, exhibit

several troubling traits. First and foremost, they are unaccredited. Only

individual people may become accredited attorneys and agents.

Organizations, besides Congressionally chartered VSOs and county

governments, may not themselves be accredited. The companies'

employees are also unaccredited, so they are unable to lawfully represent

---

[13] *Quality Representation Hr'g*, *supra* note 1 (statement of Jack McManus, Nat'l President, Vietnam Veterans of America, at 4).

[14] *Quality Representation Hr'g*, *supra* note 1 (statement of Ryan M. Gallucci, Director, National Veterans Service, Veterans of Foreign Wars of the United States, at 1–2).

veterans before the VA or even prepare claims. This lack of accreditation means that they do not need to demonstrate any knowledge or expertise and that there is no gatekeeper to protect veterans' interests.

73.     The VA itself emphasizes this point in its guidance to accreditation applicants:

> Q5: If I advise veterans and their family members on VA benefit claims but do not file their applications for them, do I need to be accredited?

> A5: Yes. You must be accredited to aid in the preparation, presentation, or prosecution of a VA benefit claim. Advising a claimant on a specific benefit claim or directing the claimant on how to fill out the application, even if you never put pen to paper, is considered claims preparation.[15]

74.     Although Trajector Medical purports to offer only "consultation" services, medical or otherwise, it routinely does far more. It provides VA forms to veterans, completes the forms for them, accesses VA websites using their login credentials, prepares claims, and submits claims (including under the guise of the veteran proceeding *pro se*). Defendants flout the law by engaging in activities that require accreditation, which Trajector Medical's employees do not possess.

---

[15] VA, *VA Accreditation Program* 2, https://www.va.gov/OGC/docs/Accred/HowtoApplyforAccreditation.pdf (last visited Nov. 1, 2023).

75.    First, Trajector Medical employees assist veterans with claims, advise them about the claims, or counsel them to provide specific evidence in support of claims. All of this conduct violates the VA's regulations specifying that only accredited attorneys and agents may carry out these activities. When Defendants advertise that they operate in compliance with applicable statutes and regulations, they are making false statements.

76.    Second, Trajector Medical charges veterans exorbitant and often illegal fees for its dubious services related to initial claims or claims after offering limited or no assistance. As discussed above, the VA regulates both the amounts and methods of calculation of the fees accredited attorneys and agents may charge. Disregarding these rules, Trajector Medical routinely charges veterans many multiples of past-due benefits, far more than the 20 percent presumed reasonable, and vastly exceeding even the 33 1/3 percent presumed unreasonable.

77.    Despite 38 C.F.R. § 14.636(e)'s plain language, Trajector Medical derives its fees from speculative future increases in VA disability compensation. Its contracts require veterans to pay several months' worth of future increases fees that are not based on a fixed fee, hourly rate, or percentage of past-due benefits recovered.

78.    These fee arrangements also violate 38 U.S.C. § 5301(a)(3)(A), which prohibits assignment of future benefits "in any case where a beneficiary entitled to compensation . . . compensation enters into an agreement with another person under which agreement such other person acquires for consideration the right to receive such benefit by payment of such compensation."

79.    Trajector Medical's contracts tack on junk fees, such as "service charges," "late fees" and "interest" and assign to veterans the costs of debt collection, including attorneys' fees.

80.    Third, Trajector Medical engages in misleading marketing to veterans. It promises consultations at no cost to the veteran, despite subsequently charging for them. It frequently guarantees increases in benefits, despite knowing that the outcome of a VA claim or review is uncertain. It implies and/or asserts that its services are equivalent to those offered by accredited attorneys and agents. These statements and omissions misrepresent to veterans the claims process and Defendants' abilities, which may violate the Program Fraud Civil Remedies Act of 1986 and state consumer-protection statutes. As discussed below, Trajector Medical's troubling advertisements also violate the Lanham Act.

81.    Fourth, because neither they nor their employees are accredited attorneys or agents, Defendants cannot execute a power of attorney with a veteran. That matters because when accredited attorneys and agents sign a power of attorney with the veteran, they are able to request records on the veteran's behalf, access the veteran's electronic VA file and entries in VA databases, and interact with and advocate to VA employees on the veteran's behalf. Without that capability, there can be no quality representation—as the existence of the accreditation rules contemplates.

82.    The VA provides the veteran's accredited attorney or advocate with notice of any decisions or actions on the veteran's pending claims and appeals. Unaccredited companies' representatives do not necessarily receive these notices. Particularly for veterans with unstable living situations, or those without consistent access to VA websites, the accredited attorney or advocate's ability to timely act protects veterans' legal rights. Defendants cannot lawfully offer this service.

83.    Fifth, Defendants do not provide the same due process to veterans that the VA's regulations mandate for accredited attorneys and agents. Veterans who believe they overpaid typically have little to no recourse. Trajector Medical's contracts make it difficult or even impossible

to terminate the relationship. Indeed, they contain binding arbitration clauses and broad nondisparagement clauses.

84.    Even if ultimately held unenforceable, these provisions exercise a chilling effect on what veterans feel they can safely do or say about their experiences. By contrast, no such obstacles exist for disputes between veterans and accredited attorneys and agents and veterans can rely upon procedural safeguards designed to protect their interests. The very presence of these arbitration and nondisparagement clauses should give this Court pause.

85.    Sixth, Trajector Medical typically requires veterans to provide their login information and credentials for VA websites, circumventing VA policies protecting access to sensitive personnel and healthcare information. Certain records are so confidential that an accredited attorney or agent must have a basic security clearance to remotely access and view the veteran's documents.

86.    These practices threaten national security and the security of veterans' private information and healthcare information. They can also deprive veterans of access to and control over their VA online accounts, which are crucial in the claims process.

87.    Seventh, the services Trajector Medical provides are often illusory and even impede the claims process. Companies charging for "medical consultations," like Trajector Medical, imply to veterans that the results will assist their claims and quicken the process. For instance, one company like Trajector Medical boasts that "[w]e can take care of it in six months."[16]

88.    But the VA itself is obligated to provide medical examinations and render opinions for free, and even pays for the cost of travel to the examination's location. *See* 38 U.S.C. § 5103A(d). As the Vietnam Veterans of America explains, "the supposed services these companies claim to provide is already part of VA's claims processing process, for free." While the "VA often makes errors when it comes to increased rating claims, these are almost always corrected with legal argument, on appeal," and not through private medical consultations.[17]

---

[16] Michelle Andrews, *Some Private Companies Charge Hefty Fees to Help Veterans with Disability Claims* (KFF Health News Apr. 28, 2023), https://kffhealthnews.org/news/article/veterans-disability-claims-private-company-filing-hefty-fees/.

[17] *Quality Representation Hr'g*, *supra* note 1 (statement of McManus, Vietnam Veterans of America, at 5).

**Congress Scrutinizes "Claim Sharks" Like Trajector Medical**

89.     Recognizing these and other problems created by Trajector Medical and its peers, Congress held a hearing on April 27, 2022, called "At What Cost? Ensuring Quality Representation in the Veteran Benefit Claims Process." The hearing invited perspectives and suggestions from organizations supporting the interests of veterans and accredited attorneys and agents as well as from some of the largest unaccredited companies improperly assisting with VA claims.

90.     For example, the VFW referred to unaccredited consulting groups as "Claim Sharks" and called out predatory practices employed by these companies—including Trajector Medical—such as "guaranteeing increases in benefits" and "promising no-cost consultations."[18]

91.     Representatives from both parties, some of whom are veterans themselves, highlighted their constituents' complaints about unaccredited companies. They heard testimony (cited in this complaint) about the effect on veterans' finances and lives, the harm to accredited attorneys' and agents' businesses, and the legal implications of the companies' practices.

---

[18] *Quality Representation Hr'g, supra* note 1 (statement of Gallucci, Veterans of Foreign Wars of the United States, at 1, 3).

92.    The representatives openly worried that the companies' entire business models preyed on veterans, placing profit over compliance with the law and most importantly, competent claims assistance for our disabled veterans. Representative Mann's (R-KS) statement, quoted at the beginning of this complaint, exemplifies the representatives' concerns.

**Trajector Medical's Misleading Marketing and Improper Practices Impede Accredited Attorneys and Agents' Lawful Business Activities**

93.    By offering services they are not permitted to perform, marketing those improper services to veterans, advertising online to overshadow free services offered by county representatives and VSOs, and ultimately by distracting or dissuading veterans from engaging accredited attorneys and advocates, Trajector Medical unfairly competes with accredited attorneys and advocates.

94.    Defendants' business model targets indigent veterans, veterans unfamiliar with the claims process, and first-time filers.

95.    Trajector Medical advertises its services as faster and of superior quality to those of accredited attorneys and agents even though neither it nor its employees cannot lawfully or fully represent veterans, lacking the capacities the VA's regulations confer only on accredited attorneys and agents. These misleading and false statements and omissions

induce veterans to opt for excessively priced services that frequently lead to worse outcomes. They also harm veterans' perceptions of the relative quality and value of the accredited attorneys and agents' services, decreasing trust and harming their businesses.

96.    Trajector Medical's statements claim that it performs lawful services equivalent (in effect if not nature) to those of accredited attorneys and agents. This misleading marketing creates an environment in which a reasonable veteran in need of services cannot readily distinguish between accredited attorneys and agents and unaccredited representatives even though that distinction matters a great deal for the viability of their claims, the costs they will incur, and the recourse available to them if they are unsatisfied with their representation.

97.    Trajector Medical's business practices hamper fair competition by improperly competing with accredited attorneys and agents—the parties actually able to represent veterans. It signs veterans as clients for original claims, which the VA's regulations do not permit accredited attorneys and agents to do. Defendants' statements communicate to veterans that Trajector Medical's services are of equivalent quality to those of accredited attorneys and agents and are approved by the VA.

98.    This practice not only cannibalizes the resources available to veterans but frustrates the lawful business of accredited attorneys and agents like Plaintiffs and Class members. They abide by the VA's regulations, ultimately reflected in 38 C.F.R. § 14.636(c), that it "must have an opportunity to decide a matter before paid representation is available."[19] When Trajector Medical circumvents that requirement, and makes statements that imply doing so is lawful, it unlawfully competes with Plaintiffs and Class members.

99.    Trajector Medical also unfairly competes with accredited attorneys and agents by charging fees for claims in which an accredited attorney or agent ultimately obtained a compensation increase on the veteran's behalf and making statements that misrepresent those fees. These situations often arise when a veteran has fired an unaccredited organization and hired an accredited attorney or agent.

100.    At some point during the veteran's appeal of their claim, the veteran receives an increase as a result of the assistance of the accredited attorney or agent. At that time, Trajector Medical submits an invoice to the

---

[19] VA, *VA Claims and Appeals Modernization*, 84 Fed. Reg. 138, 150 (Jan. 18, 2019) (quoting 73 Fed. Reg. 29,852, 29,868 (May 22, 2008)).

veteran for services actually rendered by the accredited attorney or agent. Trajector Medical typically justifies the theft by claiming that the veteran did not properly terminate the representation agreement prior to the filing of another claim.

101.    Notably, because Trajector Medical has hijacked the veteran's login credentials, it often learns of the increase and submits an invoice to the veteran before the veteran receives the decision via U.S. mail. In other scenarios, when Trajector Medical cannot effectively represent them and the veteran must turn to an accredited attorney or agent to obtain relief, the veteran owes a percentage of their retroactive award to the accredited attorney or agent—while still on the hook for Trajector Medical's charges.

102.    Unsurprisingly, many veterans have extreme difficulty navigating Trajector Medical's debt trap due to their disabilities and the fact that many live on a limited, fixed monthly income.

103.    Trajector Medical unfairly competes with accredited attorneys and agents even as it attempts to capitalize on the lawful services the latter provide.

**Trajector Medical's Practices and Statements Routinely Violate the VA's Regulations, Constituting Unfair Competition with Accredited Attorneys and Agents**

104.   Trajector Medical's website claims that its only function is to "develop[] medical evidence to support [veterans'] pursuit of the VA disability benefits [they] medically, legally and ethically qualify for." "You've probably tried to secure your disability benefits on your own – often resulting in frustration and confusion," it tells veterans. "We've helped tens of thousands of Veterans just like you."[20] Its website guides veterans to obtain a "Free Medical Evaluation," and near the bottom of that page, it states: "We NEVER charge any fees unless you receive a benefit from our services."[21]

105.   In its statement to Congress at the April 27, 2022, hearing, Trajector Medical asserted that it "offer[s] targeted professional medical

---

[20] Trajector Medical, *Trajector Medical* (Nov. 7, 2023) https://web.archive.org/web/20231102094322/https://www.trajectormedical.com/.

[21] Trajector Medical, *Get Medical Evidence to Support your Veteran's Disability Rating Claim* (May 29, 2023), https://web.archive.org/web/20230529143716/https://veterans.trajectormedical.com/.

consulting services that, while limited in scope and nature, can make a

tremendous impact as a supplement to existing free services."[22]

106.   The foregoing statements are misleading and often false.

Trajector Medical regularly and routinely provides VA forms to veterans,

completes the forms for them, obtains their login credentials for VA

websites and then controls access to the websites, prepares claims, submits

claims, and coaches veterans for the VA's medical examination.

107.   Plaintiffs have assisted veterans that received these

questionable services from Trajector Medical.

108.   Trajector Medical's standard contract with veterans, which it

provided to Congress, states that it does not carry out those activities, but

that is simply not true.[23]

109.   Trajector Medical advises veterans on specific benefit claims

and directs them how to fill out VA forms. For instance, it tells veterans

that it will "help [them] record the important medical symptoms, facts, and

impairments related to [their] disabilities in a clear, concise, and ethical

---

[22] *Quality Representation Hr'g*, *supra* note 1 (statement of Evan R. Seamone,
General Counsel & Legal Manager, Trajector Medical, at 7–8).

[23] *Id.*, Enclosure B, at 3.

manner that helps 'connect the dots for the VA decision makers." It will also "[g]enerate a personalized list of potential overlooked or underrated disabilities for [the veteran's] review."[24] These and other activities demonstrate that even when Trajector Medical does not put pen to paper, it is still engaged in claims preparation.[25]

110.   Trajector Medical's employees are not accredited attorneys or agents.

111.   It is undisputed that private medical professionals may prepare medical opinions, known as nexus letters, to assist veterans with claims and appeals. However, Trajector's actions fundamentally exceed the bounds of the services private medical professionals may offer in this context. Instead, they include activities that the VA's regulations reserve for accredited attorneys and agents (and county and VSO representatives).

---

[24] Trajector Medical, *The Trajector Medical Difference*, (Nov. 15, 2023), https://web.archive.org/web/20231116015500/https://www.trajectormedical.com/our-process/.

[25] *See* VA, *supra* note 15, at 2.

112.    Because Trajector Medical's employees are not accredited, it may not receive fees for services in connection with representing veterans before the VA or the Board under 38 C.F.R. § 14.636(b).

113.    Still, Trajector Medical charges those fees. Trajector Medical's standard contract includes its fee arrangement:

> *You promise to pay our standard fee, which is equal to five (5) times the amount your monthly VA compensation increases by.* In addition, Trajector Medical may charge a monthly service charge on amounts not paid when due from the due date until paid at the lesser of 1% percent per month or the maximum legal rate. However, if you pay your balance in full within ninety (90) days of the date on your VA claim notification letter, we will waive your monthly service charges. You agree that this fee and any additional monthly service charge is not a loan or forbearance but rather viewed as part of the fee for the services we provide. You shall pay all costs of collection, including, without limitation, reasonable attorney fees.[26]

114.    The agreement goes on to impose additional fees, from additional "service fees," requiring veterans to pay the standard fee plus an additional 10, 20, or 25 percent of their future benefits increases for certain types of claims. One additional fee, for appeals, contemplates "ongoing medical evidence development and medical consulting services required

---

[26] *Quality Representation Hr'g, supra* note 1 (statement of Seamone, Trajector Medical, Enclosure B, at 2) (emphasis added).

during the appeal period." Strikingly, all this conduct occurs despite the fact that Trajector Medical employees are prohibited from representing veterans in appeals because they are not accredited.[27]

115. Trajector Medical derives its fees from speculative future increases in VA disability compensation, violating 38 C.F.R. § 14.636(e) and 38 U.S.C. § 5301(a)(3)(A).

116. As with the services it provides, the fees Trajector Medical charges in reality often differ from what its marketing and contract state. When Trajector Medical signs a veteran to prepare original claims, it frequently holds the veteran liable for Trajector Medical's fees even after the VA decided that claim—regardless of whether the veteran later must hire an accredited attorney or agent to assist with a supplemental claim or appeal, and regardless of whether Trajector Medical assisted with the supplemental claim or appeal at all. This behavior violates federal law and the VA's regulations.

117. Many veterans report disturbing patterns. For example, Trajector Medical prepares an original claim, and the VA denies the claim.

---

[27] *Id.*

Frustrated, the veteran engages an accredited attorney or agent who files a new claim for PTSD, and the VA later assigns the veteran a 50% disability rating. Despite Trajector Medical having played no part—even one of questionable utility—in the new claim, it nevertheless issues the veteran an invoice, demanding thousands of dollars for work it did not (and could not lawfully) complete.

118.   This conduct frustrates the veteran's claim and the accredited attorney or agent's fees: the veteran is on the hook for both Trajector Medical's bill and the accredited attorney or agent's fees. Trajector Medical claims a right to a retroactive award owed to the accredited attorney or agent, frustrating the accredited attorney or agent's relationship with their client and ability to obtain veterans' business.

119.   Furthermore, Trajector Medical engages in misleading marketing to veterans. It insinuates that its services are equivalent or superior to those offered by accredited attorneys and agents. It also states that its services are legal: it "operates in full compliance with 38 USC 5125 and other well-established laws and regulations."[28]

---

[28] Trajector Medical, *supra* note 24; *see also, e.g.*, Trajector Medical, *supra* note 3.

120.   The foregoing statements allude to Trajector Medical's unsupportable proposition, cavalierly articulated to Congress, that the statutes and regulations governing practice before the VA should not apply because Trajector Medical performs only medical services, not legal services.[29] But Trajector Medical does in fact perform claim-preparation services, despite its assurances otherwise. As such, the statements are false and misleading and harm accredited attorneys and agents' legitimate business interests.

121.   But its true activities mimic those of accredited attorneys and agents—albeit without procedural safeguards and subject to unfair and improper economic terms.

122.   Trajector Medical does not provide for any due process for veterans who believe they have overpaid or been scammed. Instead, its contract contains only a binding arbitration clause.[30]

---

[29] *Quality Representation Hr'g, supra* note 1 (statement of Seamone, Trajector Medical, at 6–7).

[30] *Id.*

**The VA Twice Ordered Defendants to Cease Their Illegal Activities, But Defendants Continued to Flout the Law and Unfairly Compete with Accredited Attorneys and Agents**

123.   Defendants have long been on notice that regulators view their conduct as illegal and that their false statements mislead veterans and wrongly imply the legality of their business. Nevertheless, they have continued and even expanded their unlawful operations.

**A.    The VA's First Cease-and-Desist Letter**

124.   On June 29, 2017, the OGC sent a cease-and-desist letter to Defendants Hill and Vet Comp & Pen Medical Consulting, LLC.[31] It began:

> The Department of Veterans Affairs (VA) has received information that your business, Vet Comp and Pen Medical Consulting, LLC, may be engaged in illegal activities, which include the unauthorized preparation, presentation, and prosecution of claims for VA benefits, as well as charging claimants for your services.

Ex. A at 1.

125.   Because neither Hill nor Vet Comp & Pen Medical Consulting, LLC were accredited by the VA, the letter continued, their business of assisting veterans in the preparation, presentation, and prosecution of claims was illegal. *Id.* at 1–2.

---

[31] Plaintiffs' counsel obtained the VA's letters to Defendants pursuant to a FOIA request.

126. The VA's letter went on to identify particular statements on Vet Comp & Pen Medical Consulting, LLC's website and in instruction sheets it provided to veterans that were "evidence of [its] unauthorized representation of claimants." *Id.* at 2.

127. Several of those statements persist in substantially similar form on Trajector Medical's website today.[32] For instance, the VA's letter called out Vet Comp & Pen Medical Consulting, LLC's statements on its website that it helps "disabled veterans like you obtain ALL of the compensation benefits you're legally entitled to from the" VA and that VSOs are "not legal professionals [and] . . . don't have the extensive medical or legal training needed to fully decipher your personal VA disability puzzle from a medical/legal" perspective. *Id.* at 2. Today, Trajector Medical's website states something quite similar: "We are a medical evidence development company that works to maximize the VA disability benefits for which you are medically, legally and ethically qualified. A VSO may not be able to

---

[32] Vet Comp & Pen Medical Consulting, LLC, which does business as "Trajector Medical," is a subsidiary of Trajector, Inc. Trajector, Inc. considers "Vet Comp and Pen" a "legacy brand" and continues its operations under the name "Trajector Medical." Trajector SEC Filing, *supra* note 4.

provide the evidence we can." It adds that "[w]e do not assist Veterans with filing their claims; however, an accredited VSO may be able to assist with this[,]" but the first clause is false, as discussed above.[33]

128.   The VA's letter also listed portions of Vet Comp & Pen Medical Consulting, LLC's website that "extensively discuss[ed] legal entitlement to compensation for disabilities, and advertise[d] how you guide Veterans through the process of applying for benefits, prepare application materials, as well as review prior decisions and records to assess for additional claims." Ex. A at 2. Today, Trajector Medical's website contains 79 "resources" (articles, videos, and podcasts) that advertise the same topics.[34]

129.   The VA further notified Hill and Vet Comp & Pen Medical Consulting, LLC that their fee arrangements were illegal in many respects, for the reasons discussed above. *Id.* at 2–3.

130.   Of particular note, the fee agreement that the VA cited in arriving at that conclusion contained a requirement that veteran "pay three

---

[33] Trajector Medical, *Frequently Asked Questions* (June 1, 2023), https://web.archive.org/web/20230601190411/https://www.trajectormedical.com/why-us/faq/..

[34] Trajector Medical, *Resources* (Nov. 15, 2023), https://web.archive.org/web/20231116015635/https://www.trajectormedical.com/resources/.

times the difference between the pre-consulting monthly compensation benefit amount and the total newly awarded monthly compensation benefit amount," with "an additional charge of ten percent of any retroactive gross benefit awards that are a result of (1) expert medical opinions, (2) appeals, and/or (3) development of CUE claims." *Id.* at 3. That fee arrangement was illegal. *Id.*

131.   The fee agreement Trajector Medical submitted with its statement to Congress contained a requirement that the veteran pay "*five (5) times* the amount your monthly VA compensation increases," with additional charges of 10 percent for appeals and 25 percent for CUE claims in addition to other fees.[35] This fee arrangement by Trajector Medical is also illegal.

132.   The VA proceeded to discuss Vet Comp & Pen Medical Consulting, LLC's advertising—some of which discussed a type of claim that does not exist. It concluded that even if Hill or Vet Comp & Pen Medical Consulting, LLC's employees were accredited, their advertising "may be considered a violation of the VA standards of conduct for

---

[35] *Quality Representation Hr'g*, *supra* note 1 (statement of Seamone, Trajector Medical, Enclosure B, at 1–3) (emphasis added).

accredited individuals, which requires that you be truthful in your dealings with claimants and VA as well as prohibits you from, among other things, engaging in conduct involving fraud, deceit, misrepresentation or dishonesty." Ex. A at 3–4.

133.   The VA ordered Hill and Vet Comp & Pen Medical Consulting, LLC to "immediately cease all preparation of and assistance in claims for VA benefits." *Id.* at 4.

134.   Hill and Vet Comp & Pen Medical Consulting, LLC responded to the letter in July 2017, asserting that they did not represent or assist veterans before the VA. Ex. A at 3.

135.   This statement was false. Hill, Trajector Medical, and the other Defendants did not immediately cease all preparation of and assistance in claims for VA benefits. In fact, they have continued to do so until the present day.

## B.    The VA's Second Cease-and-Desist Letter

136.   On January 28, 2022, the OGC sent another cease-and-desist letter to Hill and Trajector, Inc. It began:

> The [OGC] is in receipt of information obtained from publicly available sources suggesting that Trajector, Inc., for which you are the Chairman and Co-Chief Executive Officer (CEO), by and through its subsidiaries, to include

> Trajector Medical, may be engaged in activities which may violate various Federal statutes and applicable regulations, including the unauthorized preparation, presentation, or prosecution of claims for VA benefits and the charging of fees to VA claimants that are clearly unreasonable or otherwise prohibited by laws or regulations.

Ex. B at 1.

137.   The VA's letter reminded Hill and Trajector, Inc. that this was not the first time their illegal actions had come to the VA's attention. The VA expressed its concern that despite the first cease-and-desist letter in 2017, Defendants were still acting unlawfully. *Id.* at 3–4.

138.   Hill's response to the 2017 letter had asserted that Defendants "prepare the *person*—not the *claim*—with a complete medical evaluation," rendering their business lawful. But, as the VA's letter noted, "this is a distinction without a difference." 38 U.S.C. § 5901 and 38 C.F.R. § 14.629(b)(1) prohibit unaccredited individuals from assisting claimants in the preparation, production, and prosecution of claims. Defendants do just that, as the VA again explained to them. *Id.* at 4.

139.   In the meantime, on October 18, 2021, Trajector Inc. had filed a registration statement with the SEC in advance of a planned IPO.[36] There, it

---

[36] Trajector SEC Filing, *supra* note 4. Just a few weeks before the VA's second letter, Trajector, Inc. requested to withdraw the filing. Trajector,

repeated many of the same statements about its business practices that the VA had already told it were illegal and misleading. Hill signed the filing, and Uribe and Blaser gave him power of attorney to do so in their names.

140.   The SEC filing repeatedly mentioned Hill, Uribe, and Blaser, who each held executive-level positions and sat on Trajector, Inc.'s board, as crucial to Trajector Medical's business practices and continued functioning. For instance, the filing stated that "[o]ur success depends, in part, on the skills, working relationships and continued services of James S. Hill II, our Chairman and Co-CEO, Gina G. Uribe, our Chief Medical Director, [and] Richard S. Blaser, our other Co-CEO."[37]

141.   In the SEC filing, Trajector, Inc. acknowledged as a material risk the real possibility that Trajector Medical's business model runs afoul of the law, "expos[ing] [it] to significant liability."[38]

142.   Defendants had good reason for that concern. Not only had the VA previously told them as much, but the VA's second letter now again

---

Inc., Registration Withdrawal Request (Form RW) (Jan. 4, 2022), https://www.sec.gov/Archives/edgar/data/1875772/000119312522001506/d180168drw.htm. However, the filing remains publicly available.

[37] Trajector SEC Filing, *supra* note 4.

[38] *Id.*

informed them that the statements they made on their website and in their

SEC filing falsely represented their services and implied that the services

they provide are lawful and VA-approved.

143.   The statements the VA's second letter highlighted were:

    a.   "Our team of knowledgeable, dedicated associates is experienced in assessing medical and service records to relate symptoms and diagnoses to military service, in accordance with the 38CFR. Feel confident that your history and records are thoroughly reviewed and used in developing the right medical evidence to support your VA disability benefits."[39]

    b.   "We help each Veteran develop a personalized medical strategy based on their medical evidence, including identifying critical connections between symptoms and medical conditions to formal medical diagnoses and linking them when appropriate to their military service so that our clients may prepare and submit these claims to the VA."[40]

    c.   "Our Veteran-VA focused services . . . assist[] Veterans in evaluating their disabilities to understand how those disabilities are connected to their military service and how those disabilities fit within the VA Disability Rating criteria used by the VA for determining compensation . . . ."[41]

---

[39] Trajector Medical, *supra* note 3.

[40] Trajector SEC Filing, *supra* note 4.

[41] *Id.*

Ex. B at 3–4. Defendants' websites contain many similar statements, even when they have since altered the websites.[42]

144.    The VA explained that:

> The statements indicate that the services Trajector Medical staff provide involve preparing and developing claims to be submitted to VA, and those services are part of an overall business model to provide assistance, strategy, and advocacy in support of claims for VA benefits. A reasonable claimant would conclude that the services provided by Trajector Medical are for the purpose of assisting in the preparation, presentation, and prosecution of the claimant's VA benefit claim.

Ex. B at 3.

145.    Because neither Defendants nor their employees are accredited agents, their preparation, presentation, and prosecution of VA benefit claims is illegal. Their statements would mislead reasonable claimants into concluding that Trajector Medical offers that service and is lawfully able to do so.

146.    The VA again concluded that "Trajector Medical's fee structure, which charges a fee explicitly based on the successful outcome of a VA claim, further calls into question Trajector, Inc.'s assertion that its medical

---

[42] *See, e.g.*, Trajector Medical, *supra* note 33.

consulting services do not directly involve the preparation of VA claims."
*Id.* at 4. Its letter pointed out the many ways in which Trajector Medical's
fee arrangements are unlawful. *Id.* at 4–5.

147.   Again, the VA ordered Defendants to "immediately cease all
preparation of and assistance in claims for VA benefits, charging fees for
those services, and withholding VA benefits to the extent that they are
doing so contrary to law." *Id.* at 5.

148.   Defendants did not immediately cease all preparation of and
assistance in claims for VA benefits, charging fees, and withholding
veterans' benefits, even though they had now been repeatedly informed
that their practices are illegal and misleading. Instead, Defendants have
shown no signs of halting their unlawful operations.

### Trajector Medical Unlawfully Competes with Plaintiff Tonya Price, a VA-Accredited Claims Agent, and Plaintiff Warriors and Family Assistance Center LLC

149.   Plaintiff Tonya Price was honorably discharged and retired
from the United States Army in 2012. Since concluding 20 years of military
service, she has been devoted to assisting veterans in several capacities,
including as a Deputy Commander of the Women's Veterans Club of the

CSRA, a Veterans Service Representative for the National Association for Black Veterans, and a VA-accredited agent.[43]

150.   Following her 20 years of military service and honorable discharge from the United States Army, Ms. Price has dedicated her career to helping disabled veterans. Since 2021 Ms. Price has represented hundreds of veterans seeking VA disability compensation for disabling injuries and medical conditions.

151.   Since 2021, Ms. Price has provided services as a VA-accredited agent through Plaintiff Warriors and Family Assistance Center LLC.

152.   Ms. Price obtained a BS from Southern Illinois University in 2005, an MS from Strayer University in 2020, a MA from Troy University in 2023, and is currently enrolled in a program to obtain a BS in Health Administration at Central Michigan University.

153.   Ms. Price worked for two years to achieve her coveted status as an accredited agent. During that time, Ms. Price completed extensive training and passed a rigorous background screening, an interview with

---

[43] VA, *Accredited Attorneys, Agents and Representatives Detail Search Results*, https://www.va.gov/ogc/apps/accreditation/accredpeopledetail.asp?ID={5C3ADB97-1B4B-4E12-B43D-867031AD14A6}&Type=Claim%20Agent (last visited Nov. 13, 2023).

the VA, and a closed-book examination. To maintain her VA accreditation, Ms. Price is required to complete qualifying CLE requirements and submit the results to OGC annually.

154.   In numerous cases, Ms. Price has lost opportunities to represent veterans because Trajector Medical has illegally assisted with a veteran's initial claim filing and then claimed a right to a share of a veteran's future benefits (regardless of whether Trajector Medical actually assists with the claim), forcing Ms. Price to decline representation or waive her fees.

155.   Trajector Medical's statements and practices have harmed Ms. Price and Warriors and Family Assistance Center LLC in many other ways. It has interfered with Ms. Price's representation: as she is the only VA-accredited attorney associated with a veteran's claims, she must spend substantial time investigating how Trajector Medical became involved in any given claim and its implications for her client. Worse yet, on at least two occasions, Trajector Medical has submitted an invoice to a veteran for work exclusively performed by Ms. Price through Warriors and Family Assistance Center LLC.

156.   Defendants' unfair and deceptive behavior also harms Ms. Price's reputation by undermining the entire industry of accredited agents.

157.   In each of the scenarios listed above, Defendants unfairly compete with Ms. Price and Warriors and Family Assistance Center LLC through their misleading and false statements and other illegal business practices.

**Trajector Medical Unlawfully Competes with Plaintiff Clifford Farrell, a VA-Accredited Attorney, and Plaintiff Manring & Farrell Attorneys at Law**

158.   Plaintiff Clifford Farrell is a VA-accredited attorney[44] and the managing partner of Plaintiff Manring & Farrell Attorneys at Law in Columbus, Ohio. Manring & Farrell Attorneys at Law has a combined 80 years of experience and practices exclusively on claims related to VA disability compensation and Social Security benefits.[45]

159.   Mr. Farrell provides services as a VA-accredited attorney through Plaintiff Manring & Farrell Attorneys at Law.

---

[44] VA, *Accredited Attorneys, Agents and Representatives Detail Search Results*, https://www.va.gov/ogc/apps/accreditation/accredpeopledetail.asp?ID={47EE1A9A-CD2A-40ED-AE35-06C9EB22FAAA}&Type=Attorney (last visited Nov. 13, 2023).

[45] Manring & Farrell, *Frequently Asked Veterans Compensation Disability Questions* (2023), https://www.manringfarrell-socialsecuritylaw.com/veterans-compensation-disability-faq/.

160.   Mr. Farrell obtained his BA from Moravian College in 1978 and his JD from Capital University Law School in 1982.

161.   Mr. Farrell is licensed to practice law in Ohio, Pennsylvania, and Virginia.[46] Mr. Farrell is also admitted in the United States District Courts for the Southern and Northern Districts of Ohio and the Western District of Pennsylvania; the United States Courts of Appeals for the Third Circuit and the Sixth Circuit; and the United States Court of Appeals for Veterans Claims.[47]

162.   Mr. Farrell is a frequent lecturer on veterans' disability benefits and routinely offers courses related to veterans' claims assistance that may be applied as CLE credits.

163.   To maintain his VA accreditation, Mr. Farrell is required to complete qualifying CLE requirements and submit to the OGC an annual certification of good standing for any court, bar, or federal or state agency for which he is admitted to practice.

---

[46] Mr. Farrell was admitted to the Ohio Bar in 1982, the Pennsylvania Bar in 1983, and the Virginia Bar in 2019.

[47] Manring & Farrell, *Clifford M. Farrell* (2023), https://www.manringfarrell-socialsecuritylaw.com/attorney/farrell-clifford-m/.

164.   Since gaining his VA accreditation on August 8, 2008, Mr. Farrell has represented hundreds of veterans seeking VA disability compensation for disabling injuries and medical conditions.[48]

165.   Mr. Farrell is also board-certified in Social Security Disability law by the National Board of Trial Attorneys, recognized by the Supreme Court of Ohio.[49]

166.   In numerous cases, Mr. Farrell has lost opportunities to represent veterans when Trajector Medical has illegally assisted with a veteran's initial claim filing.

167.   Trajector Medical's statements and practices have harmed Mr. Farrell and Manring & Farrell Attorneys at Law in many other ways. It has claimed a right to a share of a veteran's future benefits, forcing Mr. Farrell to decline representation. It has interfered with Mr. Farrell's representation: as he is the only VA-accredited attorney associated with a veteran's claims, he must spend substantial time investigating how Trajector Medical became involved in any given claim and its implications for his client.

---

[48] *Id.*

[49] *Id.*

Worse yet, it has submitted an invoice to a veteran for work exclusively performed by Mr. Farrell through Manring & Farrell Attorneys at Law.

168.   Trajector Medical's unfair and deceptive behavior also harms Mr. Farrell's reputation by undermining the entire industry of accredited attorneys.

169.   In Mr. Farrell's experience, many veterans have no understanding of the VA disability claims process and assume that companies like Trajector Medical are legitimate. The veterans mistakenly believe that because the VA and OGC have not stopped Trajector Medical's business that it must be legal. But as described above, that is false. Indeed, the VA has requested Congress to give it the authority to prosecute illegal actors like Trajector Medical.[50]

170.   In each of the scenarios listed above, Defendants unfairly compete with Mr. Farrell and Manring & Farrell Attorneys at Law through their misleading and false statements and other illegal business practices.

---

[50] *Quality Representation Hr'g*, *supra* note 1 (statement of Richard J. Hipolit, Deputy General Counsel for Veterans Programs, VA, at 5–6).

## CLASS ACTION ALLEGATIONS

171.    Plaintiffs Warriors and Family Assistance Center LLC and

Tonya Price bring this action individually and as a class action under

Federal Rule of Civil Procedure 23(b)(2)–(3) on behalf of the following class

(the "Agent Subclass"):

> All persons who were VA-accredited claims agents
> at any point from December 4, 2020, to December 4,
> 2023, and/or the corporate entities through which
> they provided services.

172.    Plaintiffs Manring & Farrell Attorneys at Law and Clifford

Farrell bring this action individually and as a class action under Federal

Rule of Civil Procedure 23(b)(2)–(3) on behalf of the following class (the

"Attorney Subclass"):

> All persons who were VA-accredited attorneys at
> any point from December 4, 2020, to December 4,
> 2023, and/or the corporate entities through which
> they provided services.

173.    The Agent Subclass and the Attorney Subclass are referred to

collectively as the "Class." The period of December 4, 2020, to December 4,

2023, is referred to as the "Class period."

174.    Excluded from the Class are Defendants' employees, co-

conspirators, officers, directors, legal representatives, heirs, and successors,

any of their wholly or partly owned subsidiaries, or their parent companies; proposed counsel for the Class and their employees; the judicial officers and associated court staff assigned to this case and their immediate family members; and all persons who make a timely election to be excluded from the Class.

175.   Certification of Plaintiffs Warriors and Family Assistance Center LLC and Tonya Price's claims for class-wide treatment is appropriate because they can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

176.   Certification of Plaintiffs Manring & Farrell Attorneys at Law and Clifford Farrell's claims for class-wide treatment is appropriate because they can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

177.   This action has been brought and may be properly maintained on behalf of the proposed Class and Subclasses under Federal Rule of Civil Procedure 23.

178.   **Numerosity,** Federal Rule of Civil Procedure 23(a)(1): The

members of the Class are numerous and geographically dispersed across

Florida, the United States, and the world such that individual joinder of all

members of the Class is impracticable. Their numbers, locations, and

contact information are ascertainable; the VA maintains a regularly

updated public database of accredited attorneys and agents.[51] For instance,

on October 31, 2023, there were 6,356 accredited attorneys and agents in all

50 states, the District of Columbia, and Puerto Rico. Class members may be

notified of this action by recognized, Court-approved notice dissemination

methods, which may include postal mail, email, Internet postings, and/or

published notice.

179.   **Commonality and Predominance,** Federal Rule of Civil

Procedure 23(a)(2) and (b)(3): This action involves common questions of

law and fact which predominate over any questions affecting individual

members of the Class. They include, without limitation:

---

[51] VA, *Accreditation Search*, https://www.va.gov/ogc/apps/accreditation/index.asp (last visited Oct. 31, 2023) ("Download Complete Lists of Accredited Attorneys, Claims Agents, or Representatives in Excel" option).

a.  The nature, scope, and operations of Defendants' wrongful

practices;

b.  Whether Defendants' advertising, marketing, and other

promotional materials were likely to cause confusion, cause

mistake, or to deceive as to the approval of their services or

commercial activities by accredited attorneys and agents

and/or the VA;

c.  Whether Defendants' advertising, marketing, and other

promotional materials misrepresented the nature,

characteristics, or qualities of their services or commercial

activities;

d.  Whether Defendants' conduct violated applicable statutes and

regulations governing practice before the VA and fee

arrangements, including 38 U.S.C. § 5301(a)(3)(A), 38 U.S.C.

§ 5904(c)(1), and 38 C.F.R. § 14.636;

e.  Whether Defendants' conduct and statements constituted a

violation of the Lanham Act's prohibition of false approval, 15

U.S.C. § 1125(a)(1)(A);

f.  Whether Defendants' conduct and statements constituted a violation of the Lanham Act's prohibition of false advertising, 15 U.S.C. § 1125(a)(1)(B);

g.  Whether, as a result of Defendants' misconduct as set forth in this Complaint, Plaintiffs and Class members are entitled to injunctive relief under 15 U.S.C. § 1116, including an order barring Defendants from making false and misleading statements and from competing with Plaintiffs and the Class until its representatives apply and are approved for accreditation by the VA;

h.  Whether, as a result of Defendants' misconduct as set forth in this Complaint, Plaintiffs and Class members are entitled to recover from Defendants the gains, profits, and advantages they have obtained as a result of that misconduct;

i.  Whether, as a result of Defendants' misconduct as set forth in this Complaint, Plaintiffs and Class members are entitled to damages, equitable relief, attorney's fees and costs, and other appropriate relief, (and the amount and nature of such relief);

j.  How much of Defendants' profits should be disgorged as a
result of their illegal practices and any deductions; and

k.  Whether the case's circumstances justify an award of treble
damages.

180.  **Typicality,** Federal Rule of Civil Procedure 23(a)(3): Plaintiffs'
claims are typical of the claims of the proposed Class members. Plaintiffs
and the proposed Class members all pursued the required accreditation
process, abided by the VA's regulations governing accredited attorneys
and agents' practices, lawfully made their services available to veterans,
submitted fee agreements to the VA or OGC, submitted to annual
reporting requirements to OGC to maintain their accreditation, and
performed services in connection with representation of veterans before the
VA and in federal courts. Defendants' unlawful conduct harmed Plaintiffs'
and Class members' businesses in much the same manner by misleadingly
soliciting veterans as customers, misdirecting them away from accredited
attorneys and agents' services. Defendants' conduct thus gives rise to
substantially the same legal rights and claims for the accredited attorneys
and agents who comprise the Class.

181.   **Adequacy,** Federal Rule of Civil Procedure 23(a)(4): Plaintiffs are adequate representatives of the Class and their respective Subclasses because their interests do not conflict with the interests of the other members of the Class they seek to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation, and through them, Plaintiffs intend to prosecute this action vigorously. They and their counsel will fairly and adequately protect Class members' interests.

182.   **Declaratory and Injunctive Relief,** Federal Rule of Civil Procedure 23(b)(2): Defendants have acted or refused to act on grounds generally applicable to Plaintiffs and Class members, making final injunctive relief and declaratory relief appropriate for the Class as a whole. Defendants engaged in substantially similar conduct for each member of the Class by illicitly and misleadingly soliciting veterans as customers, misdirecting them away from accredited attorneys and agents' services.

183.   **Superiority,** Federal Rule of Civil Procedure 23(b)(3): A class action is superior to any other available means for the fair and efficient adjudication of this controversy. No unusual difficulties are likely to be encountered in this class action's management. The damages or other

financial detriment Plaintiffs and Class members have suffered are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for them to individually seek redress for against Defendants' wrongful conduct. Even if members of the Class could afford individual litigation, the court system could not. Individual litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system itself. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

<u>**COUNT I**</u>
**VIOLATION OF THE LANHAM ACT'S**
**PROHIBITION OF FALSE APPROVAL**
**15 U.S.C. § 1125(a)(1)(A)**
**(Plaintiffs Warriors and Family Assistance Center LLC and Tonya Price**
**on behalf of the proposed Agent Subclass)**
**(Plaintiffs Manring & Farrell Attorneys at Law and Clifford Farrell**
**on behalf of the proposed Attorney Subclass)**

184.   Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 182 as if set forth herein.

185.   The Lanham Act provides that:

> Any person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive . . . as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

186.    During the Class period, Defendants provided services and performed commercial activities in interstate commerce.

187.    In connection with those services and commercial activities, Defendants used words, terms, false and misleading descriptions of fact, and false and misleading representations of fact (collectively, "statements").

188.    Defendants' statements were likely to, and did, cause confusion, cause mistake, and deceive veterans as to the approval of Trajector Medical's services and commercial activities by the VA. Specifically, Defendants' statements:

   a.  Asserted that Trajector Medical acted entirely within the ambit of the applicable statutes and regulations governing

practice before the VA and fee arrangements, including 38 U.S.C. § 5301(a)(3)(A) and 38 C.F.R. § 14.636, when that was not true; and

b. Asserted or implied that the VA condones, approves, or permits Trajector Medical's activities, including when Trajector Medical performed services that only an accredited attorney or advocate may lawfully perform or charging for assistance with initial claims where fees are expressly prohibited.

189.   Trajector Medical boasts a nationwide presence, targeting veterans online throughout the United States.

190.   The veterans who Defendants' statements misled and Class members are located across the country, and so the statements affected interstate commerce.

191.   Defendants' statements were material because they were likely to, and in many or most cases did, influence veterans in making decisions about whose services to engage in pursuing their VA disability claims.

192.   Plaintiffs and Class members have been damaged by Defendants' statements and practices. They reasonably believe that they

are likely to continue being damaged by Defendants' statements if
Defendants do not cease them. When veterans have been misled into
engaging Trajector Medical's services, rather than those of an accredited
attorney or agent (like Plaintiffs and Class members), Plaintiffs and Class
members lose the opportunity to fairly compete for those veterans'
business.

193.  Defendants' statements violate the Lanham Act's prohibition of
false approval. *See* 15 U.S.C. § 1125(a)(1)(A).

194.  Defendants have caused—and will continue to cause—
immediate and irreparable injury to Plaintiffs and Class members'
business, reputation, and goodwill, for which there is no adequate remedy
at law. Consequently, Plaintiffs and Class members are entitled to an
injunction under 15 U.S.C. § 1116 to restrain Defendants, their agents,
employees, representatives, and all persons acting in concert with them
from engaging in further acts of false approval, and to mandate removal of
all of Defendants' statements of false approval.

195.  Plaintiffs and Class members are further entitled to recover
from Defendants the gains, profits, and advantages they have obtained as a
result of their conduct in violation of the Lanham Act's prohibition of false

approval. Plaintiffs anticipate that discovery will permit them to ascertain the full extent of Defendants' gains, profits, and advantages that their illegal conduct has engendered.

196.   An accounting and disgorgement of Defendants' profits is appropriate because:

   a.   As Defendants' public statements and SEC filing demonstrate, they knew that neither they nor Trajector Medical's employees were accredited to represent veterans before the VA and that regulators viewed Defendants' conduct as illegal. Two cease-and-desist letters from the VA and a Congressional hearing were not enough to dissuade them. *See* Exs. A, B. Defendants deliberately chose to these illegal practices the core of their business model. By making statements to veterans that Trajector Medical could lawfully provide the same or equivalent services as accredited attorneys and agents, Defendants knowingly and deliberately cashed in on the good will of Plaintiffs and Class members.

   b.   Defendants were unjustly enriched through their

- 74 -

statements to veterans and illegal conduct, including

when Trajector Medical charged for assistance with initial

claims and claims for which it never provided any

assistance. Defendants' statements to veterans caused

veterans to pay them for services that they could not

lawfully provide. Defendants received and held funds

unjustly acquired from veterans and/or prevented

Plaintiffs and Class members from assisting clients

because Trajector Medical claimed a right to those clients'

future benefits.

c.     An accounting of Defendants' profits is necessary to deter

their future unlawful conduct. Unaccredited practice

comprises most or all of Defendants' business. If their ill-

gotten profits are left unexamined, they will not be

sufficiently deterred from continuing to violate the

statutes and regulations discussed above that govern

practice before the VA and protect veterans.

197.   Likewise, Plaintiffs and Class members are entitled to recover

from Defendants the monetary damages they have sustained as a result of

Defendants' conduct in violation of the Lanham Act's prohibition of false approval. Plaintiffs anticipate that discovery will permit them to ascertain the full extent of the monetary damages they have suffered as a result of Defendants' illegal conduct.

198.   Furthermore, Plaintiffs and Class members are entitled to recover treble damages from Defendants. Despite being on notice for years—since at least the VA's first cease-and-desist letter, dated June 29, 2017; the VA's second cease-and-desist letter, dated January 28, 2022; and/or the April 27, 2022, Congressional hearing discussed above—Defendants have continued their illegal conduct unabated. Instead, they have continued their unlawful business practices. They have even expanded it to include assisting veterans with initial filings related to the newly passed PACT Act, charging as much as $20,000 for filing an initial claim when no fee is legally permitted by the VA. Accordingly, the egregious circumstances this case presents justify an award of treble damages.

199.   Plaintiffs are also entitled to recover the costs of this action under 15 U.S.C. § 1117(a).

200.   Because this is an exceptional case, Plaintiffs are entitled to their reasonable attorneys' fees under 15 U.S.C. § 1117(a). As discussed above, Defendants' conduct is solidly unlawful under the statutes and regulations that govern practice before the VA and protect veterans. Their statements to the contrary are false. Accordingly, Plaintiffs' litigating position has substantive strength, justifying an award of reasonable attorneys' fees.

**COUNT II**
**VIOLATION OF THE LANHAM ACT'S**
**PROHIBITION OF FALSE ADVERTISING**
**15 U.S.C. § 1125(a)(1)(B)**
**(Plaintiffs Warriors and Family Assistance Center LLC and Tonya Price on behalf of the proposed Agent Subclass)**
**(Plaintiffs Manring & Farrell Attorneys at Law and Clifford Farrell on behalf of the proposed Attorney Subclass)**

201.   Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 182 as if set forth herein.

202.   The Lanham Act provides that:

> Any person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who

believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

203.   During the Class period, Defendants provided services and performed commercial activities in interstate commerce.

204.   In connection with those services and commercial activities, Defendants used words, terms, false and misleading descriptions of fact, and false and misleading representations of fact (collectively, "statements").

205.   Defendants' statements misrepresented the nature, characteristics, and qualities of the services they provided. Specifically, their statements:

> a.  Misrepresented that Trajector Medical performs only medical-consultation services, as opposed to those that only an accredited attorney or agent may lawfully perform;
>
> b.  Represented that Trajector Medical does not assist with the preparation, presentation, and prosecution of claims for VA disability compensation, when it routinely does just that;
>
> c.  Misrepresented that Trajector Medical is a lawful alternative to accredited attorneys and agents for veterans seeking

assistance with preparation, presentation, and prosecution of

claims for VA disability compensation;

d.　Misrepresented the fees that Trajector Medical charged

veterans, and that the methods of calulating those fees were

lawful;

e.　Represented that Trajector Medical is permitted to charge

veterans for assistance with initial claims, when it may not

lawfully do so;

f.　Represented that Trajector Medical is entitled to payment for

work on claims on which it provided no assistance, when it

was not entitled to such payment; and

g.　Represented that Trajector Medical's operations comply with

applicable statutes and regulations governing practice before

the VA and fee arrangements, including 38 U.S.C.

§ 5301(a)(3)(A), 38 U.S.C. § 5904(c)(1), and 38 C.F.R. § 14.636,

despite being on notice that this was not true.

206.　Trajector Medical boasts a nationwide presence, targeting

veterans online throughout the United States.

207.   The veterans who Defendants' statements misled and the Class members' business interests harmed by that conduct are dispersed across the country, so the statements affected interstate commerce.

208.   Defendants' statements were material because they were likely to, and in many or most cases did, influence veterans in making decisions about whose services to engage in pursuing their VA disability claims.

209.   Plaintiffs and Class members have been damaged by Defendants' statements and practices. They reasonably believe that they are likely to continue being damaged by Defendants' false and misleading statements if Defendants do not cease them. When veterans have been misled into engaging Defendants' services, rather than those of an accredited attorney or agent (like Plaintiffs and Class members), Plaintiffs and Class members lose the opportunity to fairly compete for those veterans' business.

210.   Defendants' statements violate the Lanham Act's prohibition of false advertising. *See* 15 U.S.C. § 1125(a)(1)(B).

211.   Defendants have caused—and will continue to cause—immediate and irreparable injury to Plaintiffs and Class members' business, reputation, and goodwill, for which there is no adequate remedy

at law. Consequently, Plaintiffs and Class members are entitled to an injunction under 15 U.S.C. § 1116 to restrain Defendants, their agents, employees, representatives, and all persons acting in concert with them from engaging in further acts of false advertising, and to mandate removal of all of Defendants' false advertisements.

212.   Plaintiffs and Class members are further entitled to recover from Defendants the gains, profits, and advantages they have obtained as a result of their conduct in violation of the Lanham Act's prohibition of false advertising. Plaintiffs anticipate that discovery will permit them to ascertain the full extent of Defendants' gains, profits, and advantages that their illegal conduct has engendered.

213.   An accounting and disgorgement of Defendants' profits is appropriate because:

> a.   Defendants' conduct was willful and deliberate. As their statements and SEC filing demonstrated, they knew that neither they nor their employees were accredited to represent veterans before the VA and that regulators viewed their conduct as illegal. Two cease-and-desist letters from the VA and a Congressional hearing were not

enough to dissuade them. *See* Exs. A, B. Defendants

deliberately chose to make unaccredited representation—

an illegal practice—the core of their business model. By

making statements to veterans that Trajector Medical

could lawfully provide the same or equivalent services as

accredited attorneys and agents, Defendants knowingly

and deliberately cashed in on the good will of Plaintiffs

and Class members.

b.    Defendants were unjustly enriched through their

statements to veterans and illegal conduct. Defendants'

statements to veterans caused them to pay Defendants for

services that they could not lawfully provide. Defendants

received and held funds unjustly acquired from veterans

and/or prevented Plaintiffs and Class members from

assisting clients because Trajector Medical claimed a right

to those clients' future benefits.

c.    An accounting of Defendants' profits is necessary to deter

their future unlawful conduct. Unlawful representation of

veterans before the VA comprises most or all of

Defendants' business. If their ill-gotten profits are left

unexamined, they will not be sufficiently deterred from

continuing to violate the statutes and regulations

discussed above that govern practice before the VA and

protect veterans.

214.  Likewise, Plaintiffs and Class members are entitled to recover

from Defendants the monetary damages they have sustained as a result of

Defendants' conduct in violation of the Lanham Act's prohibition of false

advertising. Plaintiffs anticipate that discovery will permit them to

ascertain the full extent of the monetary damages they have suffered as a

result of Defendants' illegal conduct.

215.  Furthermore, Plaintiffs and Class members are entitled to

recover treble damages from Defendants. Despite being on notice for

years—since at least the VA's first cease-and-desist letter, dated June 29,

2017; the VA's second cease-and-desist letter, dated January 28, 2022;

and/or the April 27, 2022, Congressional hearing discussed above—

Defendants have continued their illegal conduct unabated. Indeed, they

have audaciously expanded it to include assisting veterans with initial

filings related to the newly passed PACT Act, charging as much as $20,000

for filing an initial claim when no fee at all is legally permitted by the VA.

Accordingly, the egregious circumstances this case presents justify an

award of treble damages.

216.   Plaintiffs are also entitled to recover the costs of this action

under 15 U.S.C. § 1117(a).

217.   Because this is an exceptional case, Plaintiffs are entitled to

their reasonable attorneys' fees under 15 U.S.C. § 1117(a). As discussed

above, Defendants' conduct is solidly unlawful under the statutes and

regulations that govern practice before the VA and protect disabled

veterans. Their statements to the contrary are false. Accordingly, Plaintiffs'

litigating position has substantive strength, justifying an award of

reasonable attorneys' fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of Class

members, respectfully request that the Court enter judgment against

Defendants and in favor of Plaintiffs and the Class and award the

following relief:

A.     Certify this action as a class action under Federal Rule of Civil Procedure 23, appoint Plaintiffs as Class representatives, and appoint Plaintiffs' counsel as counsel for the Class;

B.     Enter an order under 15 U.S.C. § 1116 requiring Defendants to immediately cease the wrongful and illegal conduct as set forth above; enjoining Defendants from further acts of false approval, false advertising, and unlawful competition with Plaintiffs and Class members.

C.     Enter judgment against Defendants and order appropriate relief, including:

> a.     A declaration that Defendants' conduct violated the applicable statutes and regulations governing practice before the VA and fee arrangements (including 38 U.S.C. § 5301(a)(3)(A) and 38 C.F.R. § 14.636) and that Defendants' statements implying otherwise were false.;

> b.     An accounting and disgorgement of Defendants' gains, profits, and advantages that they have obtained as a result of their conduct in violation of the Lanham Act;

> c.     An award of the monetary damages Plaintiffs and Class members have sustained as a result of Defendants'

conduct in violation of the Lanham Act, trebled by dint of

the case's circumstances;

d.   An award of the costs of this action under 15 U.S.C.

§ 1117(a); and

e.   An award of reasonable attorneys' fees under 15 U.S.C.

§ 1117(a).

D.   Grant such other equitable relief and pre- and post-judgment

interest as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial for all claims so triable.

Dated: December 4, 2023     **VARNELL & WARWICK**

*/s/ Christopher J. Brochu*
Brian W. Warwick (Fla. Bar No. 605573)
Christopher J. Brochu (Fla. Bar No. 1013897)
1101 E. Cumberland Avenue, Suite 201H-105
Tampa, FL 33602
(352) 753-8600
bwardwick@vandwlaw.com
cbrochu@vandwlaw.com

William H. Anderson (*pro hac vice forthcoming*)
**HANDLEY FARAH & ANDERSON PLLC**
5353 Manhattan Circle, Suite 204
Boulder, CO 80303
(303) 800-9109
wanderson@hfajustice.com

Simon Wiener *(pro hac vice forthcoming)*
**HANDLEY FARAH & ANDERSON PLLC**
68 Harrison Avenue, Suite 604
Boston, MA 02111
(202) 921-4567
swiener@hfajustice.com

*Attorneys for Plaintiffs and the Proposed Class*