# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

| | |
|---|---|
| WARRIORS AND FAMILY ASSISTANCE CENTER LLC, TONYA PRICE, MANRING & FARRELL ATTORNEYS AT LAW, and CLIFFORD FARRELL, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>TRAJECTOR INC., VET COMP & PEN MEDICAL CONSULTING, LLC, JAMES S. HILL II, GINA G. URIBE, and RICHARD S. BLASER,<br><br>     Defendants. | Case No: 1:23–cv–290 (AW) |

# DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

## <u>TABLE OF CONTENTS</u>

<u>ORAL ARGUMENT REQUESTED</u> .......................................................1

<u>PRELIMINARY STATEMENT</u> ...........................................................1

<u>STATEMENT OF FACTS AND ALLEGATIONS</u> ..............................5

   A.  VA Disability Compensation System ...........................................5

   B.  Defendants ....................................................................................8

   C.  Claims and Alleged False Statements .......................................10

<u>LEGAL STANDARD</u> ..........................................................................15

<u>ARGUMENT</u> ......................................................................................16

I.    **The Complaint Must Be Dismissed as a "Shotgun Pleading."** .................16

II.   **The Complaint Fails to State a Claim for False Endorsement
       Against Any Defendant.** ...............................................................19

III. **The Complaint Fails to State a Claim for False Advertising Against
       Any Defendant.** ...........................................................................22

   A.  The Complaint Fails to Allege Any Statements Were Actually False
       or Misleading.............................................................................22

      1.  *The Legality Statements Are Non-Actionable Opinions, And in Any
          Event Are True and Non-Misleading* .................................23

      2.  *Neither the Nature of Services Statements nor the Fee Statements
          Are False or Misleading*.....................................................26

   B.  The Statements in the S-1 and Congressional Hearing Are Not
       "Commercial Advertising or Promotion." .................................29

IV. **The Complaint Fails to State Claims Against the Individual
       Defendants.** .................................................................................31

<u>CONCLUSION</u>....................................................................................32

<u>APPENDIX A</u> .................................................................................. A-1

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................ 15, 16, 21

*B.L.E. ex rel. Jefferson v. Georgia*,
  335 F. App'x 962 (11th Cir. 2009)........................................................16

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................. 16, 28

*Black Diamond Land Mgmt. LLC v. Twin Pines Coal Inc.*,
  707 F. App'x 576 (11th Cir. 2017)........................................ 20, 26, 27

*BPI Sports, LLC v. ThermoLife Int'l LLC*,
  2020 WL 10180910 (S.D. Fla. Jan. 9, 2020)........................................30

*C=Holdings B.V. v. Asiarim Corp.*,
  992 F. Supp. 2d 223 (S.D.N.Y. 2013) ..................................................30

*Chanel, Inc. v. Italian Activewear of Fla., Inc.*,
  931 F.2d 1472 (11th Cir. 1991)..........................................................31

*Coronacide, LLC v. Wellness Matrix Grp.*, Inc.,
  2021 WL 4307488 (M.D. Fla. Sept. 22, 2021) ....................................20

*Dial A Car, Inc. v. Transportation, Inc.*,
  82 F.3d 484 (D.C. Cir. 1996)..............................................................26

*Didban v. Pompeo*,
  435 F. Supp. 3d 168 (D.D.C. 2020) ......................................................8

*Domond v. Peoplenetwork APS*,
  748 F. App'x 261 (11th Cir. 2018).........................................................7

*Duo-Regen Techs., LLC v. 4463251 Canada, Inc.*,
  2014 WL 1338117 (M.D. Fla. Apr. 2, 2014) ......................................32

*Edmondson v. Velvet Lifestyles, LLC*,
  43 F.4th 1153 (11th Cir. 2022)..........................................................31

*Edward Lewis Tobinick, MD v. Novella*,
  848 F.3d 935 (11th Cir. 2017) ..............................................................30

*Frehling Ent's, Inc. v. Int'l Select Grp., Inc.*,
  192 F.3d 1330 (11th Cir. 1999) .............................................................21

*Gen. Cigar Holdings, Inc. v. Altadis, S.A.*,
  205 F. Supp. 2d 1335 (S.D. Fla. 2002).......................................... 23, 25

*Klayman v. InfoWars, LLC*,
  2022 WL 1176948 (S.D. Fla. Mar. 25, 2022) ......................................17

*Lifecell IP Holdings, LLC v. Cosmedique, LLC*,
  2020 WL 9607038 (S.D. Fla. July 16, 2020) .......................................17

*Magluta v. Samples*,
  256 F.3d 1282 (11th Cir. 2001) ....................................................... 16, 17

*Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*,
  948 F. Supp. 2d 538 (D. Md. 2013) ......................................................26

*Museum of Selfies, Inc. v. Miami Selfie*, LLC,
  2022 WL 1001485 (S.D. Fla. Apr. 3, 2022).........................................18

*Mylan Lab'ys, Inc. v. Matkari*,
  7 F.3d 1130 (4th Cir. 1993) ...................................................................19

*N. Tr. Corp. v. Carl Domino, Inc.*,
  2006 WL 8433639 (S.D. Fla. Mar. 13, 2006) ......................................24

*Pub. Free Will Corp. v. Verizon Commc'ns Inc.*,
  2017 WL 1047330 (E.D.N.Y. Mar. 17, 2017) ......................................21

*Restore Robotics, LLC v. Intuitive Surgical, Inc.*,
  2022 WL 1495005 (N.D. Fla. Apr. 11, 2022).......................................25

*Sovereign Mil. Hospitaller Ord. v. Fla. Priory of Knights Hospitallers of Sovereign Ord.*,
  702 F.3d 1279 (11th Cir. 2012).............................................................22

*Suntree Techs., Inc. v. Ecosense Int'l, Inc.*,
  693 F.3d 1338 (11th Cir. 2012)..............................................................19

*Tropic Ocean Airways, Inc. v. Floyd*,
    598 F. App'x 608 (11th Cir. 2014)........................................................21

*Univ. of Ala. Bd. of Trustees v. New Life Art, Inc.*,
    683 F.3d 1266 (11th Cir. 2012) ...........................................................19

*Warren Tech., Inc. v. UL LLC*,
    962 F.3d 1324 (11th Cir. 2020) ...........................................................23

*Weil v. Phillips*,
    816 F. App'x 339 (11th Cir. 2020).................................................. 16, 18

## Statutes and Regulations

15 U.S.C. § 1125(a)(1)(A) .................................................................. 10, 19

15 U.S.C. § 1125(a)(1)(B) .................................................................. 10, 22

38 C.F.R. § 14.629(b) ..........................................................................6, 24

38 U.S.C. § 5101(d)(1)(A) .........................................................................7

38 U.S.C. § 5103A ....................................................................................6

38 U.S.C. § 5107 ......................................................................................6

38 U.S.C. § 5125 ..................................................................................6, 8

5 U.S.C. § 1125(a)(1)(B) .........................................................................22

## Other Authorities

GUARD VA Benefits Act: Hearing on H.R. 1139 Before the Subcomm. on
    Disability Assistance and Memorial Affs. of the H.R. Comm. on Veterans' Affs.,
    118th Cong. (2023).................................................................................8

## Rules

Fed. R. Civ. P. 12(b)(6).........................................................................1, 15

Fed. R. Evid. 201(b)(2) ...........................................................................7

Defendants Trajector, Inc. ("**Trajector, Inc.**"), Vet Comp & Pen Medical Consulting, LLC ("**Trajector Medical**"),[1] James S. Hill II ("**Mr. Hill**"), Gina G. Uribe ("**Ms. Uribe**"), and Richard S. Blaser ("**Mr. Blaser**") (each a "**Defendant**" and collectively "**Defendants**"; Mr. Hill, Ms. Uribe, and Mr. Blaser are collectively referred to herein as the "**Individual Defendants**") hereby move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint[2] filed by Plaintiff Warriors and Family Assistance Center LLC, Tonya Price, Manring & Farrell Attorneys at Law, and Clifford Farrell (collectively "**Plaintiffs**"), purportedly on behalf of themselves and all others similarly situated, for failure to state a claim upon which relief can be granted.  For all of the reasons set forth in the incorporated memorandum of law in support of this Motion, and Appendix A hereto, the Court should dismiss the Complaint in its entirety, with prejudice.

## ORAL ARGUMENT REQUESTED

Pursuant to Local Rule 7.1(K), Defendants request oral argument on their Motion to Dismiss.  Defendants estimate that 10 minutes per side would be required for argument.

---

[1] On September 20, 2023, Defendant Vet Comp & Pen Medical Consulting, LLC legally changed its name to Trajector Medical, LLC.

[2] Citations to the "**Complaint**" or "**Compl.**" refer to the Complaint filed in the above-captioned action, ECF No. 1.

1

## PRELIMINARY STATEMENT

Plaintiffs' Complaint is nothing more than an attempt to disrupt Trajector Medical's successful (and entirely lawful) medical consulting business. Trajector Medical provides expert services to build medical evidence packets that are necessary to support its clients' claims for any state or federal tort claim, or for private, state, or federal disability benefits (including from the U.S. Department of Veterans Affairs (the "**VA**"))—all with the goal of helping clients live healthier and higher-quality lives. Plaintiffs are without standing to enforce the federal regulations governing the VA disability claims system they (wrongly) claim Trajector Medical is violating, so they have instead resorted to manufacturing Lanham Act claims for false endorsement and false advertising. Plaintiffs have not—and cannot—plead the most basic elements of these claims.

The VA has bifurcated the division of labor for the VA disability system: On the one hand are non-profit Veterans Services Organizations ("**VSOs**") and for-profit agents and attorneys (such as Plaintiffs), and on the other are private medical professionals (such as Trajector Medical). VSOs and for-profit agents and attorneys are accredited by the VA to represent veterans seeking disability benefits, including by preparing and filing disability claim forms. But these VA-accredited representatives do not have the *medical* qualifications to opine on medical conditions that provide the basis for disability claims. Trajector Medical, in

1

contrast, is not an accredited agent, nor does it purport to be. Rather, Trajector Medical fulfills a critical need by using medical expertise in pathophysiology, pharmacology, biomechanics, psychiatry, and orthopedics to create comprehensive medical evidence packets for its clients that often contain formal medical opinions (called "nexus letters," which are akin to expert reports) to support the clients' claims for disability benefits.[3]

Trajector Medical was founded in 2014 by Defendants Gina Uribe, Rich Blaser, and Jim Hill.[4] Ms. Uribe had realized during her time as a nurse practitioner with the VA that disabled veterans needed expert assistance to identify their previously overlooked and underdiagnosed disability conditions, understand their medical records, and link their disability conditions to military service (when supported by medical facts and circumstances) while building the medical evidence necessary to qualify for VA disability benefits, all in accordance with a complex set of statutory and regulatory requirements.[5] Veterans can personally submit Trajector Medical's medical evidence packets to the VA (just as they would submit medical records from their personal physicians), or a veteran can engage a non-profit VSO or a for-profit accredited agent or attorney (such as one of the

---

[3] *See* The Trajector Medical Difference, Trajector Medical, https://www.trajectormedical.com/our-process/ (last visited February 11, 2024).

[4] *See* Our Origin Story, Trajector Medical, https://www.trajectormedical.com/about/ (last visited February 11, 2024).

[5] *Id.*

Plaintiffs) to submit the medical evidence on their behalf. If a veteran is unsuccessful on his or her initial application, they can file and prosecute an appeal through a VSO or accredited agent or attorney.

When a veteran personally collects and submits supporting medical evidence from Trajector Medical (or any other private medical professional) along with their VA disability claim, they can avoid unnecessary denials from the VA, cutting off their need to engage in long, arduous appeals in which Plaintiffs represent the veterans and collect fees. Apparently unhappy with this model that provides veterans timely and equal access to justice, putative class members for years have wrongfully attacked Trajector Medical's business. Those efforts failed to result in any government enforcement actions against Trajector Medical, so Plaintiffs are attempting a new tactic by filing this meritless lawsuit attacking truthful, non-misleading statements that Trajector Medical has made about its services.

Plaintiffs' entire Complaint—which improperly lumps together Defendants and claims—is a fatally defective shotgun pleading. Plaintiffs also fail to provide factual support for any of their claims. They fail to identify a single trademark that they own or to allege any likelihood of consumer confusion, which are essential elements of a false endorsement claim (Count I).

Similarly, Plaintiffs fail to plausibly allege any false or misleading statements to support a false advertising claim (Count II):

3

- Trajector Medical's business is entirely lawful (and, in any event, statements about the legality of its services are non-actionable legal opinions and cannot support a Lanham Act claim);

- Trajector Medical's statements about the nature of its services and its fees are literally true and non-misleading based on the Complaint's own allegations; and

- Insofar as Plaintiffs rely on the purported falsity of statements in Trajector, Inc.'s withdrawn S-1 filing with the SEC, and Trajector Medical's congressional testimony, those statements are not consumer advertising and fall outside the ambit of the Lanham Act.

The Individual Defendants should be dismissed from this action for the additional and independent reason that the Complaint fails to allege that those Individual Defendants actively or knowingly caused any of the purported false advertising or false endorsement alleged in the Complaint, as required to state a claim under the Lanham Act. The Complaint should be dismissed in its entirety, with prejudice.

## STATEMENT OF FACTS AND ALLEGATIONS[6]

### A.    VA Disability Compensation System

The VA affords compensation to veterans to offset compromised earnings ability or reduction in quality of life "as a result of their [military service related] injuries or medical conditions."  Compl. ¶ 39.  To receive disability compensation, veterans must provide "detailed, specific evidence documenting their injuries or medical conditions, including . . . medical records like doctors' reports, X-rays, and test results" and often "additional specialized evidence" of injuries or medical conditions.  Compl. ¶¶ 40–41.  The VA requires veterans pursuing disability benefits to "submit additional specialized [medical] evidence" that can be sourced from "private medical professionals," active-duty military medical providers, or others.  Compl. ¶¶ 41–42, 111.

The disability compensation system is notoriously "complex and difficult," with an entire statutory scheme that governs the medical evidence that veterans can submit in support of their disability claims.  Compl. ¶ 40.  Congress empowers the VA to regulate the claims process and authorizes the VA to accredit individuals and entities to represent claimants with the preparation, presentation, and

---

[6] The Complaint's factual allegations are accepted as true solely for purposes of this motion, except to the extent they are contradicted by documents cited in the Complaint.  Defendants' recitation of the allegations in the Complaint are solely for the convenience of the Court and should not be construed as any of Defendants' admission as to the same.

prosecution of their disability compensation claims.  Compl. ¶¶ 46, 55.  These accredited representatives include VSOs, such as The American Legion, and for-profit accredited attorneys and agents like Plaintiffs.  Compl. ¶¶ 7, 24–27, 44.  VA-accredited agents and attorneys are subject to a variety of regulations, such as limits on the fees they can charge for their services.  Compl. ¶¶ 57–69.

Distinct from these accredited legal representatives, veterans are encouraged to engage private medical professionals to develop and submit medical evidence and medical opinions in support of veterans' initial disability claims as well as appeals of wrongfully denied and/or underrated decisions.  Compl. ¶ 111; 38 U.S.C. § 5103A.  These medical professionals assist claimants in gathering the "detailed, specific evidence" of medical conditions needed to support a disability claim.  Compl. ¶¶ 40–41.  Unlike accredited representatives, who are not required to have any medical expertise or training, these private medical professionals are doctors, nurses, or other licensed practitioners.  *See* 38 C.F.R. § 14.629(b).  Congress expressly authorizes veterans to submit "a report of a medical examination administered by a private physician" to establish their disability compensation claim.  38 U.S.C. § 5125; *see also* 38 U.S.C. § 5107(a) (requiring veterans to submit evidence proving their disability); 38 U.S.C. § 5103A (requiring the VA to encourage veterans to submit relevant private medical records); 38 U.S.C. § 5107(b) (requiring the VA to consider all medical evidence of record);

38 U.S.C. § 5101(d)(1)(A) (requiring the VA to publicly publish forms for private doctors to submit medical evidence).

Unlike legal representatives (such as Plaintiffs and VSOs), private medical professionals are not required to be VA-accredited and are not subject to the VA's regulations relating to the representation of a claimant in the preparation, presentation, and prosecution of a VA disability benefit claim.  Compl. ¶ 111.  The VA has expressly stated that it does not consider the development and submission of medical evidence by private medical professionals to fall within the ambit of the VA regulations that require accreditation.  For example,[7] on March 29, 2023, Congressman Pappas asked Christa Shriber, Deputy Chief Counsel of the VA, in a legislative hearing:  "Has the provision of medical documentation to veterans ever been considered to be part of the [VA] definitions of preparation, presentation, and prosecution?"  Ms. Schriber responded:

> We [VA] do not consider the submission of medical evidence to be part of 'preparation, presentation, and prosecution' of a benefit claim.  Medical evidence is created as part of, almost seen as, expert testimony, versus a claims preparer (an attorney, agent, or VSO representative) is an advocate on the veteran's behalf.  They are two separate roles, and they both play an

---

[7] The Court may take judicial notice of certain facts—particularly public records— without converting a motion to dismiss into a motion for summary judgment. *See Domond v. Peoplenetwork APS*, 748 F. App'x 261, 262 (11th Cir. 2018); Fed. R. Evid. 201(b)(2) (permitting judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

important part in our VA system, but they are separate and distinct.[8]

A requirement that medical professionals be accredited, as the Complaint seems to suggest, would contradict the plain language of 38 U.S.C. § 5125 and would mean that private physicians would be barred from diagnosing medical conditions, determining medical impairment levels, or providing medical opinions to any veteran who may choose to pursue a VA disability claim in the future. Such a requirement would be extremely harmful and unfair to our nation's veterans and would be contrary to Congress's statutory design.

### B.    Defendants

Defendant Trajector Medical provides "medical consultations" or "medical evaluations" to disabled veterans, involving the development of "medical evidence to support [veterans'] pursuit of VA disability benefits" and the creation of "medical opinions." Compl. ¶¶ 87, 104, 114, 130. Trajector Medical explains in its marketing materials that it "plays no part in preparing, presenting, and/or prosecuting claims and that its practices pass muster under the VA's regulations because they are related to medical-consulting services and do not constitute

---

[8] GUARD VA Benefits Act: Hearing on H.R. 1139 Before the Subcomm. on Disability Assistance and Memorial Affs. of the H.R. Comm. on Veterans' Affs., 118th Cong. 11 (2023). *See Didban v. Pompeo*, 435 F. Supp. 3d 168, 177 n.5 (D.D.C. 2020) (taking judicial notice of congressional testimony on motion to dismiss).

assistance with VA claims." Compl. ¶ 11. In other words, Trajector Medical offers "medical services, not legal services." Compl. ¶ 120.

Ms. Uribe previously served as Chief Medical Director and board member of Trajector Medical, with voting authority restricted to decisions requiring medical expertise; she has been on medical leave for the majority of the past three years and has since retired. Mr. Hill, a disabled Navy veteran, serves as the Chairman and Chief Executive Officer of Trajector Medical and has controlling board decision-making authority on all business decisions not requiring medical expertise, including finance and marketing decisions. Mr. Blaser joined Trajector Medical as Co-CEO in December 2020, with a limited role relating to improving corporate culture and with no business decision-making authority; he served for 14 months, until shortly after Trajector, Inc. withdrew the S-1 registration that it filed with the SEC in preparation for a planned initial public offering ("**IPO**").

In 2021, the Individual Defendants formed Trajector, Inc. with the intention of taking Trajector Medical (along with 24 other distinct operating companies) public through an IPO. On October 18, 2021, Trajector, Inc. filed a preliminary Registration (or "S-1") Statement with the SEC.[9] Compl. ¶ 139. Trajector, Inc. withdrew the S-1 statement on January 4, 2022, and, to date, the company has not

---

[9]  Trajector, Inc., Registration Statement (Form S-1) (Oct. 18, 2021), https://www.sec.gov/Archives/edgar/data/1875772/000119312521300749/d1801 68ds1.htm.

issued an IPO.  Compl. ¶ 139 n.36.  Although the Complaint alleges that Trajector, Inc. is the ultimate parent company of Trajector Medical, Compl. ¶ 28, in reality, Trajector, Inc. is, and always has been, an empty shell company that holds no direct or indirect interest in Trajector Medical (or any other entity).

###    C.    Claims and Alleged False Statements

Plaintiffs, on behalf of themselves and a putative class of all agents and attorneys who were VA-accredited between December 4, 2020 to December 4, 2023, bring two claims against all five Defendants under the Lanham Act for false endorsement in violation of 15 U.S.C. § 1125(a)(1)(A) and false advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

In support of their claims, Plaintiffs allege that "Defendants" "[a]sserted that Trajector Medical acted entirely within the ambit of the applicable statutes and regulations governing practice before the VA and fee arrangement" and "[a]sserted or implied that the VA condones, approves, or permits Trajector Medical's activities."  Compl. ¶ 188.  The Complaint identifies no specific statements made by any Defendant that purportedly support these conclusions.

As reflected in the below chart, the Complaint also attributes to all "Defendants" eleven statements that purportedly misrepresent:  (1) that Trajector Medical acts lawfully ("**Legality Statements**"); (2) that Trajector Medical does not prepare, present, or prosecute claims on behalf of veterans before the VA

("**Nature of Services Statements**"); and/or (3) the amount of fees Trajector

Medical charges veterans for its medical consulting services ("**Fee Statements**").

Compl. ¶ 205.  The sources of these eleven statements are Trajector, Inc.'s

withdrawn S-1 Statement ("**S-1**"), congressional hearing testimony in April 2022

by Trajector Medical's general counsel ("**Congressional Hearing**"), Trajector

Medical's website ("**Website**"), and Trajector Medical's standard contract with

veterans ("**Contract**").

| Category | Source | Para. | Statement |
|---|---|---|---|
| **Legality Statements** | Website | ¶ 119 | Trajector Medical "operates in full compliance with 38 USC 5125 and other well-established laws and regulations." |
| **Nature of Services & Legality Statements** | Website | ¶¶ 14, 143 | "Our team of knowledgeable, dedicated associates is experienced in assessing medical and service records to relate symptoms and diagnoses to military service, in accordance with the 38CFR. Feel confident that your history and records are thoroughly reviewed and used in developing the right medical evidence to support your VA disability benefits." |
| **Nature of Services Statements** | Website | ¶ 104 | Trajector Medical "develop[s] medical evidence to support [veterans'] pursuit of the VA disability benefits [they] medically, legally and ethically qualify for. . . . You've probably tried to secure your disability benefits on your own – often resulting in frustration and confusion. . . . We've helped tens of thousands of Veterans just like you." |
| | Website | ¶ 109 | Trajector Medical will "help [veterans] record the important medical symptoms, |

| Category | Source | Para. | Statement |
|---|---|---|---|
|  |  |  | facts, and impairments related to [their] disabilities in a clear, concise, and ethical manner that helps connect the dots for the VA decision makers" and "[g]enerate a personalized list of potential overlooked or underrated disabilities for [the veteran's] review." |
|  | Website | ¶ 127 | "We are a medical evidence development company that works to maximize the VA disability benefits for which you are medically, legally and ethically qualified.  A VSO may not be able to provide the evidence we can. . . . We do not assist Veterans with filing their claims; however, an accredited VSO may be able to assist with this." |
|  | S-1 | ¶¶ 14, 143 | "We help each Veteran develop a personalized medical strategy based on their medical evidence, including identifying critical connections between symptoms and medical conditions to formal medical diagnoses and linking them when appropriate to their military service so that our clients may prepare and submit these claims to the VA." |
|  | S-1 | ¶¶ 14, 143 | "Our Veteran-VA focused services . . . assist[] Veterans in evaluating their disabilities to understand how those disabilities are connected to their military service and how those disabilities fit within the VA Disability Rating criteria used by the VA for determining compensation. . . ." |
|  | Congressional Hearing | ¶ 105 | Trajector Medical "offer[s] targeted professional medical consulting services that, while limited in scope and nature, |

| Category | Source | Para. | Statement |
|---|---|---|---|
| | | | can make a tremendous impact as a supplement to existing free services." |
| **Fee Statements** | Website | ¶ 104 | Trajector Medical offers a "Free Medical Evaluation," stating: "We NEVER charge any fees unless you receive a benefit from our services." |
| | Contract | ¶ 113 | "You promise to pay our standard fee, which is equal to five (5) times the amount your monthly VA compensation increases by.  In addition, Trajector Medical may charge a monthly service charge on amounts not paid when due from the due date until paid at the lesser of 1% percent per month or the maximum legal rate.  However, if you pay your balance in full within ninety (90) days of the date on your VA claim notification letter, we will waive your monthly service charges.  You agree that this fee and any additional monthly service charge is not a loan or forbearance but rather viewed as part of the fee for the services we provide.  You shall pay all costs of collection, including, without limitation, reasonable attorney fees." |
| | Contract | ¶ 114 | "The [Trajector Medical] agreement goes on to impose additional fees, from additional 'service fees,' requiring veterans to pay the standard fee plus an additional 10, 20, or 25 percent of their future benefits increases for certain types of claims.  One additional fee, for appeals, contemplates Trajector Medical charges 'ongoing medical evidence development and medical consulting services required during the appeal period.'" |

13

The Complaint does not attribute any of these purported misrepresentations to any single Defendant, nor does the Complaint specify which of the above statements support which claim. For example, the Complaint alleges:

- "Defendants have repeatedly made false statements that imply the VA approves of their services and falsely advertised the nature of their services." Compl. ¶ 3.

- "Defendants routinely violate a plethora of statutes and regulations." Compl. ¶ 10.

- "Defendants . . . falsely advertise the nature of Trajector Medical's services and the fees that they charge." Compl. ¶ 13.

- "Defendants flout the law by engaging in activities that require accreditation." Compl. ¶ 74.

- "Defendants advertise that they operate in compliance with applicable statutes and regulations." Compl. ¶ 75.

- "Defendants' business model targets indigent veterans, veterans unfamiliar with the claims process, and first-time filers." Compl. ¶ 94.

- "Defendants' statements communicate to veterans that Trajector Medical's services are of equivalent quality to those of accredited attorneys and agents and are approved by the VA." Compl. ¶ 97.

- "Defendants' websites contain many similar statements, even when they have since altered the websites." Compl. ¶ 143.

- "[Defendants'] statements would mislead reasonable claimants into concluding that Trajector Medical offers that service and is lawfully able to do so." Compl. ¶ 145.

*See also* Compl. ¶¶ 45, 123, 148, 157, 170.

14

The Complaint is conspicuously silent on what specific role any of the Individual Defendants purportedly had in the allegedly false statements. Instead, it alleges in conclusory fashion that they each "played a key role in Defendants Trajector, Inc. and [Trajector Medical's] marketing and selling services to veterans in Florida and across the country" and "unfairly competed with Plaintiffs and Class members by engaging in business practices and making statements involving false association and false advertisements prohibited by the Lanham Act and/or serving in a position within Trajector, Inc. in which he [or she] knew about, should have known about, and/or was responsible for those business practices and statements." Compl. ¶¶ 33, 35, 37. The Complaint also alleges that "Hill signed [Trajector, Inc.'s S-1] filing, and Uribe and Blaser gave him power of attorney to do so in their names," and that "[t]he SEC filing repeatedly mentioned Hill, Uribe, and Blaser, who each held executive-level positions and sat on Trajector, Inc.'s board, as crucial to Trajector Medical's business practices and continued functioning." Compl. ¶¶ 139–40.

## <u>LEGAL STANDARD</u>

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's allegations "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  A complaint may not merely recite the elements of a cause of action but must contain factual allegations sufficient to raise the right to relief above the speculative level.  *Twombly*, 550 U.S. at 555.  Factual allegations that are "'merely consistent with' a defendant's liability" are not facially plausible.  *Iqbal*, 556 U.S. at 677 (quoting *Twombly*, 550 U.S. at 557).

## ARGUMENT

## I.    The Complaint Should Be Dismissed as a "Shotgun Pleading."

The Complaint is a paradigmatic "shotgun pleading," which the Eleventh Circuit has "condemned repeatedly."  *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).  Because shotgun pleadings are "fatally defective," this issue is dispositive of Defendants' motion.  *B.L.E. ex rel. Jefferson v. Georgia*, 335 F. App'x 962, 963 (11th Cir. 2009) (affirming dismissal of complaint because "we have specifically instructed district courts to prohibit, as fatally defective, shotgun pleadings similar to the one filed in this action").

*First*, the Complaint asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" that give rise to the claim.  *Weil v. Phillips*, 816 F. App'x 339, 341 (11th Cir. 2020) (affirming dismissal of "across-the-board allegation" against every defendant because it failed to "notify each defendant of the specific claims against him or her and the grounds upon which each claim rests"); *see also*

16

*Magluta*, 256 F.3d at 1284 (affirming dismissal of complaint where "all defendants are charged in each count," and "[t]he complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among" them).

For example, the Complaint alleges that the Individual Defendants played a "key role" at Trajector Medical, without alleging what specifically they did. Compl. ¶¶ 33, 35, 37. Furthermore, statements that can plausibly be attributed only to Trajector, Inc. (*i.e.*, statements in the S-1) and statements that can plausibly be attributed only to Trajector Medical (*i.e.*, statements on Trajector Medical's website, in its contracts, and by a company executive to Congress) are lumped together as "Defendants' statements," without differentiation. These imprecise allegations require dismissal of the entire complaint. *See Klayman v. InfoWars, LLC*, 2022 WL 1176948, at *2 (S.D. Fla. Mar. 25, 2022) (dismissing complaint alleging Lanham Act false advertising claim that failed to provide "any meaningful distinctions between the statements made or defendants being sued, leaving the Court to speculate as to the involvement of each Defendant in the publication of each statement").

*Second*, the Complaint's 217 paragraphs contain only sparse "factual allegations that could arguably be tied to some of the causes of action," and it is "unclear to which cause of action" those allegations relate. *Lifecell IP Holdings, LLC v. Cosmedique, LLC*, 2020 WL 9607038, at *10 (S.D. Fla. July 16, 2020),

*report and recommendation adopted*, 2020 WL 9607034 (S.D. Fla. Aug. 14, 2020) (dismissing counterclaim and third-party complaint as shotgun pleadings); *Weil*, 816 F. App'x at 341 (complaint containing "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" is a shotgun pleading).

Both Counts in the Complaint vaguely assert that "Defendants' statements" violate the Lanham Act, without specifying which statements trigger liability for which Count and which Defendants were responsible for the alleged conduct. Compl. ¶¶ 188, 205. Defendants and the Court are left to guess as to which of the preceding vague allegations support Plaintiffs' claims. *See Museum of Selfies, Inc. v. Miami Selfie, LLC*, 2022 WL 1001485, at *4 (S.D. Fla. Apr. 3, 2022) (dismissing shotgun pleading where it was unclear if and how a paragraph was the basis for claims asserted against defendants).

Plaintiffs' shotgun-style Complaint fails to provide Defendants with fair notice of the basis for Plaintiffs' claims and deprives Defendants of the ability reasonably to respond. The Complaint should be dismissed in its entirety.

## II.    The Complaint Fails to State a Claim for False Endorsement Against Any Defendant.

Count I of the Complaint alleges that all Defendants violated 15 U.S.C.

§ 1125(a)(1)(A) by falsely representing that the VA "approv[ed]"[10] the medical

consulting work of Trajector Medical.  *See* Compl. ¶¶ 185–88.  To state a claim

under 15 U.S.C. § 1125(a)(1)(A), Plaintiffs must plausibly allege "(1) that [they]

had trademark rights in the mark or name at issue and (2) that [Defendants] had

adopted a mark or name that was the same, or confusingly similar to its mark, such

that consumers were likely to confuse the two."  *Suntree Techs., Inc. v. Ecosense

Int'l, Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012).  The Complaint falls short on

both elements.[11]

---

[10] Although the Complaint styles this cause of action as a "false approval" claim, courts in this Circuit recognize only one substantive claim under 15 U.S.C. § 1125(a)(1)(A), which may be described as "trademark infringement," "false association," or "false endorsement."  *See Univ. of Ala. Bd. of Trustees v. New Life Art, Inc.*, 683 F.3d 1266, 1278 (11th Cir. 2012) ("[W]e have never treated false endorsement and trademark infringement claims as distinct under the Lanham Act.").

[11] The Complaint is also deficient under Rule 8 because it fails to identify any specific statement by any Defendant that forms the basis of its false endorsement claim.  *See Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1139 (4th Cir. 1993) (affirming dismissal of false endorsement claim regarding purported statements of FDA approval because Plaintiffs failed to "point[] to any statement or representation in the defendants' advertising which declared 'proper FDA approval'").  But because the Complaint plainly fails to plead either element of the claim, this motion focuses on those failures.

*First*, the Complaint fails to identify any trademark rights, let alone any trademarks owned by any Plaintiff.  Although the theory of false endorsement is not clear on the face of the Complaint, Count I seems to allege that Defendants falsely represented that *the U.S. Department of Veteran Affairs* (rather than Plaintiffs themselves) endorsed Defendants.  *See, e.g.*, Compl. ¶ 188.  But to state a claim for false endorsement, Plaintiffs "must . . . show that [they] had enforceable trademark rights in the mark or name."  *Black Diamond Land Mgmt. LLC v. Twin Pines Coal Inc.*, 707 F. App'x 576, 579 (11th Cir. 2017).  Plaintiffs are not the VA and have not identified a single trademark in which they own rights.  This failure requires dismissal of Count I as to all Defendants.  *See Coronacide, LLC v. Wellness Matrix Grp.*, Inc., 2021 WL 4307488, at *7 (M.D. Fla. Sept. 22, 2021) (dismissing § 1125(a)(1)(A) claim where "complaint . . . reveals that [plaintiff] does not allege that it has a valid, protectable mark").

*Second*, even assuming Plaintiffs had identified a protectable trademark— and they have not—the Complaint contains no factual allegations to support a likelihood of consumer confusion.  The Complaint contains only a single conclusory recitation of what might generously be construed as the confusion element:  "Defendants' statements were likely to, and did, cause confusion, cause mistake, and deceive veterans as to the approval of Trajector Medical's services and commercial activities by the VA."  Compl. ¶ 188.  But such "legal conclusions

20

that track the text of 15 U.S.C. § 1125 . . . are insufficient to give rise to a plausible claim." *Pub. Free Will Corp. v. Verizon Commc'ns Inc.*, 2017 WL 1047330, at \*4 (E.D.N.Y. Mar. 17, 2017) (dismissing trademark infringement claim); *Tropic Ocean Airways, Inc. v. Floyd*, 598 F. App'x 608, 612 (11th Cir. 2014) (affirming dismissal of Lanham Act claim with prejudice where the "allegations . . . 'amount to nothing more than a formulaic recitation' of the" elements of the claim) (quoting *Iqbal*, 556 U.S. at 680–81).

More specifically, the Complaint contains no allegations relevant to the Eleventh Circuit's *Frehling* test for assessing likelihood of confusion. *See Frehling Ent's, Inc. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999) (enumerating seven factors relevant to the likelihood of confusion analysis). The Complaint identifies no veterans who mistakenly believed the VA (or, more importantly, Plaintiffs) endorsed Trajector Medical's services. Nor does the Complaint explain how the Legality Statements, Nature of Services Statements, and Fee Statements—none of which assert or imply the VA's endorsement or approval of any Defendant—could possibly cause consumers to mistakenly believe that the VA has approved of Trajector Medical's consulting services. In fact, the Complaint alleges that Trajector Medical *expressly disclaims* accreditation by the VA and distinguishes itself from VA-accredited agents and attorneys. *See* Compl.

¶¶ 11, 108 n.23, 120, 127, 138.  No reasonable consumer could possibly be confused about the source of Trajector Medical's services in this context.

## III.    The Complaint Fails to State a Claim for False Advertising Against Any Defendant.

Count II of the Complaint alleges that Defendants violated 15 U.S.C. § 1125(a)(1)(B) by falsely representing "the nature of Trajector Medical's services and the fees that they charge."  Compl. ¶¶ 13; *see also id.* ¶¶ 202–05.  To state a claim under 15 U.S.C. § 1125(a)(1)(B), also known as a false advertising claim, Plaintiffs must plausibly allege, among other things, that: "(1) the defendant's statements were false or misleading; [and] (2) the statements deceived, or had the capacity to deceive, consumers."  *Sovereign Mil. Hospitaller Ord. v. Fla. Priory of Knights Hospitallers of Sovereign Ord.*, 702 F.3d 1279, 1294 (11th Cir. 2012).  The Complaint fails to allege these elements.

### A.    The Complaint Fails to Allege Any Statements Were Actually False or Misleading

As laid out in the Statement of Facts and Allegations above and in Appendix A, the Complaint alleges that two Legality Statements, seven Nature of Services Statements (one of which is also a Legality Statement), and three Fee Statements are false.  None support a false advertising claim.

1.    ***The Legality Statements Are Non-Actionable Opinions, and in Any Event Are True and Non-Misleading***

The thrust of Plaintiffs' allegations is that Defendants misrepresent the legality of their business practices. *See, e.g.*, Compl. ¶ 75 ("When Defendants advertise that they operate in compliance with applicable statutes and regulations, they are making false statements."); *see also id.* ¶¶ 14, 98, 142–43. Putting aside that none of these statements are false or convey a message that Trajector Medical is an accredited agent or attorney (as discussed in Section II, *supra*), the Eleventh Circuit (joined by courts across the country) bars false advertising claims based on statements that a defendant's goods or services are legal or compliant with a law, regulation, or standard. Such statements constitute non-actionable legal *opinions*, not statements of verifiable *fact* that can support a false advertising claim. *Warren Tech., Inc. v. UL LLC*, 962 F.3d 1324, 1328 (11th Cir. 2020) (defendant stating an incorrect interpretation of an industry standard is not a "falsity" or a "deceptive action" under the Lanham Act because it is a "matter of opinion," not fact); *Gen. Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1357 (S.D. Fla. 2002), *aff'd sub nom. Gen. Cigar Holdings v. Altadis, S.A.*, 54 F. App'x 492 (11th Cir. 2002) (dismissing claim that defendants falsely advertised that lifting an embargo would negatively affect plaintiff's rights, in part because those statements were non-actionable legal opinions and not statements of fact).

The two Legality Statements express Trajector Medical's opinion that it "operates in full compliance" or "in accordance" with federal statutes and regulations. Compl. ¶¶ 14, 119, 143. The Complaint also recognizes that the Legality Statements are expressions of opinion "that the statutes and regulations governing practice before the VA *should not* apply." Compl. ¶ 120 (emphasis added). The public record is clear that Trajector Medical's interpretation of the law is correct and that its medical consulting practices are, in fact, fully compliant with the law. *See* 38 U.S.C. § 5125; *supra* note 8; *see also* Compl. ¶ 111. But even if Plaintiffs were correct that private medical consultants must be VA-accredited to provide veterans with nexus letters—and they are not correct—that determination is not appropriately addressed by this Court on a Lanham Act claim. *N. Tr. Corp. v. Carl Domino, Inc.*, 2006 WL 8433639, at *17 (S.D. Fla. Mar. 13, 2006), *report and recommendation adopted*, 2006 WL 8433658 (S.D. Fla. Apr. 14, 2006) ("A plaintiff cannot use the Lanham Act as a backdoor enforcement mechanism for another federal statute or regulation, such as the Investment Advisers Act, that has no private right of action.").

That is because Plaintiffs' claims depend entirely on interpretations of federal regulations, including 38 C.F.R. § 14.629(b)(1), and only a "clear and unambiguous ruling from a court or agency of competent jurisdiction" issued prior to the dissemination of Defendants' statements can transform an opinion statement

24

purporting to interpret the meaning of those regulations into a statement of fact. *Gen. Cigar Holdings*, 205 F. Supp. 2d at 1357.  Neither the VA nor any court or other agency has issued such a clear and unambiguous statement interpreting the above-mentioned regulations or a determination concerning whether Trajector Medical's services and fees are illegal (nor will they find Defendants' services unlawful if ultimately faced with this question).  Although Plaintiffs allege that the VA sent Trajector, Inc. two cease-and-desist letters, Compl. ¶¶ 124–48, those letters were not enforcement actions (nor could they be, because the VA has no enforcement power over Defendants, Compl. ¶ 169)—they were letters expressing the tentative and preliminary view that Trajector Medical "*may* be engaged in illegal activities," Compl. ¶ 124 (emphasis added), and "*may* be engaged in activities which *may* violate various Federal statutes and applicable regulations," Compl. ¶ 136 (emphasis added).  The Legality Statements therefore cannot provide the basis for a false advertising claim.  *See Restore Robotics, LLC v. Intuitive Surgical, Inc.*, 2022 WL 1495005, at *9 (N.D. Fla. Apr. 11, 2022) (dismissing false advertising claim based on statements defendant made about its compliance with FDA regulations, despite the fact that the agency "raised questions and concerns about regulatory compliance," because defendant's statements were non-actionable

opinions interpreting the meaning of a statute or regulation, not statements of fact).[12]

### 2. *Neither the Nature of Services Statements nor the Fee Statements Are False or Misleading*

Eleventh Circuit precedent is clear that, to state a claim for false advertising, a plaintiff must allege "*factual* support for the proposition that Defendants representations are actually *false*." *Black Diamond*, 707 F. App'x at 580 (affirming dismissal of false advertising claim because plaintiff failed to plead specific factual details demonstrating that defendant's advertising regarding its property ownership was false). The Complaint alleges no such factual support, and actually contradicts Plaintiffs' theory of liability.

Of the 11 statements identified in the Complaint, 10 statements relate to the nature of Trajector Medical's services or the fees that Trajector Medical charges its clients. Plaintiffs appear to suggest that these statements are false because Trajector Medical performs services beyond medical consulting that constitute "assisting a claimant in the preparation, presentation, and prosecution of claims for VA benefits as an agent or attorney" and that it charges its clients undisclosed fees.

---

[12] *See also Dial A Car, Inc. v. Transportation, Inc.*, 82 F.3d 484, 486 (D.C. Cir. 1996) (affirming dismissal of false advertising claim because alleged false representations were "merely opinions as to the legality of appellees' activities under [local] regulations," not statements of verifiable fact); *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 948 F. Supp. 2d 538, 554 (D. Md. 2013) (statements made by defendants regarding copyrightability of data "were nonverifiable legal opinions that are not actionable under the Lanham Act").

Compl. ¶¶ 10–12, 80, 104–06, 109, 111, 116–18, 120.  Accepting the Complaint's non-conclusory allegations as true, these 10 statements are neither literally false nor misleading.  *See* Appendix A.

*First*, Plaintiffs rely on vague, conclusory, and unsupported allegations about Defendants' business or Defendants' statements without providing any of the "factual predicate" that the Eleventh Circuit requires.  *Black Diamond*, 707 F. App'x at 580.  For example, to support its allegation that Defendants' Nature of Services Statements are false, the Complaint repeatedly asserts that Defendants "regularly and routinely" assist with the preparation, presentation, and prosecution of claims without accreditation by the VA.  Compl. ¶¶ 12, 106–07; *see also id.* ¶¶ 74, 109, 120, 205.  But the Complaint does not reference or identify a single veteran claimant for whom Defendants provided such services, nor does it provide any factual allegations that contradict the Nature of Services Statements, because no such evidence exists.

Similarly, to support its allegation that Defendants' Fee Statements are false, the Complaint repeatedly alleges in conclusory fashion that Defendants misrepresent their fees.  Compl. ¶¶ 10, 80, 99, 116, 205.  But Plaintiffs fail to identify a single instance of Defendants charging fees in a manner inconsistent with the Fee Statements.

Without specific factual allegations to provide a plausible basis for concluding that the Nature of Services Statements or Fee Statements are false, Defendants do not have "fair notice" of the claim "and the grounds upon which it rests" in order to adequately respond. *Twombly*, 550 U.S. at 555.

*Second*, other allegations in the Complaint contradict Plaintiffs' theory of liability. The Complaint alleges, for example, that Trajector Medical misrepresents that it develops "medical evidence" and offers "professional medical consulting," Comp. ¶¶ 14, 104–05, 109, 127, 143, but the Complaint makes clear that Trajector Medical *does* develop medical evidence and provide medical consulting. Comp. ¶¶ 74–75, 109, 111. The Complaint also alleges that Trajector Medical counsels clients on providing "specific [medical] evidence" for their claims, purportedly in violation of federal regulations, Compl. ¶¶ 74–75, but it is "undisputed" that "private medical professionals" may prepare evidence to assist veterans with claims. Compl. ¶ 111. Plaintiffs' real complaint appears to be that Trajector Medical provides these services without accreditation, not that any of the Nature of Services Statements are actually false or misleading. The Complaint suggests that Defendants "exceed the bounds" of medical consulting, Compl. ¶ 111, but it offers no non-conclusory allegations in support, and, in any event, it fails to explain how Trajector Medical's actions "exceed[ing] the bounds" of services private medical

28

professionals are permitted to offer under the VA regulations could render any of the Nature of Services Statements as false.

Similarly, accepting the Complaint's non-conclusory allegations as true, the Fee Statements accurately reflect the fees Trajector Medical charges veterans for its medical consulting services.  The Complaint expressly states that Trajector Medical "charges those fees" it represents in its standard contract.  Compl. ¶ 112–13.  It is clear that Plaintiffs' concern is not that Trajector Medical has misrepresented its fees, but rather their unfounded belief that Trajector Medical's listed fees are illegal under the VA regulations.  Compl. ¶¶ 10, 76–79, 99, 112–16.  No reasonable consumer could interpret the Fee Statements as expressing anything about the legality of the fees, but even if they could, the Fee Statements would be non-actionable opinions.  *See* Section III(A)(1), *supra*.

### B.    The Statements in the S-1 and Congressional Hearing Are Not "Commercial Advertising or Promotion."

Even if the two statements made in the S-1 (the "**S-1 Statements**") and the statement made at the Congressional Hearing (the "**Congressional Hearing Statement**") are false—and they are not—those statements cannot form the basis for a false advertising claim because they do not fall within the ambit of the Lanham Act.  The Lanham Act's false advertising provision covers only "commercial advertising or promotion," which is: "(1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of

influencing consumers to buy defendant's goods or services[;]" and (4) "the representations . . . must be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry." *Edward Lewis Tobinick, MD v. Novella*, 848 F.3d 935, 950 (11th Cir. 2017).

The Complaint does not allege that the S-1 Statements and Congressional Hearing Statement satisfy any of these elements, and they therefore cannot form the basis for a false advertising claim. *BPI Sports, LLC v. ThermoLife Int'l LLC*, 2020 WL 10180910, at *6 n.2 (S.D. Fla. Jan. 9, 2020) (statements allegedly made to the FDA and Court of Appeals do not constitute "commercial advertising or promotion" because they were not made for the purpose of influencing consumers to buy Defendants' goods or services but, rather, served regulatory and legal purposes); *see also C=Holdings B.V. v. Asiarim Corp.*, 992 F. Supp. 2d 223, 243–44 (S.D.N.Y. 2013) (rejecting false advertising claims on the basis of statements made in SEC filings that, though public, were not "made in connection with the sale of goods in interstate commerce").

Because the only statements identified in the Complaint that are attributed to Trajector, Inc. are the S-1 Statements, the Complaint must be dismissed as to Trajector, Inc.  The Complaint must also be dismissed insofar as it relies on Trajector Medical's Congressional Hearing Statement, as laid out in Appendix A.

**IV.   The Complaint Fails to State Claims Against the Individual Defendants.**

Though the Court need not reach this issue because the entire Complaint should be dismissed for the reasons already discussed, the Complaint should also be dismissed against the Individual Defendants because it fails to allege that any of them actively or knowingly caused *any* of the purported false advertising alleged in the Complaint.  Under the Lanham Act, an individual may be personally liable for false advertising only where he or she "actively and knowingly caused . . . the false advertisements or false endorsements." *Edmondson v. Velvet Lifestyles, LLC*, 43 F.4th 1153, 1161 (11th Cir. 2022) (citing *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991)) (internal quotation marks omitted).  It is not sufficient for a plaintiff to show that an individual defendant "participated or engaged in some infringing act"; the individual must have "actively participated as a moving force in the *decision* to engage in the infringing acts, or otherwise caused the infringement as a whole to occur." *Chanel*, 931 F.2d at 1478 n.8.

Allegations that the Individual Defendants held executive-level positions at Defendant Trajector, Inc., coupled with the conclusory allegation that their roles make them "responsible for those business practices and statements," Compl. ¶¶ 33, 35, 37, are insufficient to support personal liability for violations of the Lanham Act.  *See, e.g.*, *Edmondson*, 43 F.4th at 1164 (reversing grant of summary judgment on false advertising and false endorsement claims because the mere fact

that defendant was linked to companies "through the management structure of the several entities at play" is not enough to establish individual liability); *Duo-Regen Techs., LLC v. 4463251 Canada, Inc.*, 2014 WL 1338117, at *3 (M.D. Fla. Apr. 2, 2014) (dismissing trademark infringement claim against individuals because allegations that individual defendants have "day to day control over" the corporate defendants are "conclusory and insufficient") (internal quotation marks omitted).

## <u>CONCLUSION</u>

For all of the reasons set forth above, the Court should dismiss the Complaint in its entirety, with prejudice.

[Remainder of page intentionally left blank.]

Respectfully submitted,

Dated:  February 12, 2024          DEBEVOISE & PLIMPTON LLP
       New York, NY

By: /s/ Megan K. Bannigan

Megan K. Bannigan (*pro hac vice*)
Jared I. Kagan (*pro hac vice*)
Timothy Cuffman (*pro hac vice*)
Hannah Beattie (*pro hac vice*)
Anita Kapyur (*pro hac vice*)
mkbannigan@debevoise.com
jikagan@debevoise.com
tcuffman@debevoise.com
hbeattie@debevoise.com
askapyur@debevoise.com
66 Hudson Boulevard
New York, New York 10001
Telephone: 212.909.6000

*Counsel for Defendants Trajector, Inc.; Vet Comp & Pen Medical Consulting, LLC; James Hill II; Gina G. Uribe; and Richard S. Blaser*

33

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

I HEREBY CERTIFY pursuant to Local Rules 7.1(B)–(D) that the undersigned was not required to confer with counsel for Plaintiffs because this motion would determine the outcome of this action.

By: /s/ Megan K. Bannigan

Megan K. Bannigan


**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I HEREBY CERTIFY pursuant to Local Rule 7.1(F) that the above-filed Motion to Dismiss and Memorandum of Law contain a total of 7,992 words, of which 210 are contained in the Motion to Dismiss and 7,782 are contained in the Memorandum of Law (including Appendix A).

By: /s/ Megan K. Bannigan

Megan K. Bannigan

**APPENDIX A: Legal Defenses Applicable to the Allegedly False Advertising**

| Category | Source | Para. | Statement | Applicable Legal Defense | | |
|---|---|---|---|---|---|---|
| | | | | *Non-Actionable Opinion* | *Conclusory Allegations; Not False or Misleading* | *Not Commercial Advertising or Promotion* |
| **Legality Statements** | Website | ¶ 119 | Trajector Medical "operates in full compliance with 38 USC 5125 and other well-established laws and regulations." | ✔ | | |
| **Nature of Services & Legality Statements** | Website | ¶¶ 14, 143 | "Our team of knowledgeable, dedicated associates is experienced in assessing medical and service records to relate symptoms and diagnoses to military service, in accordance with the 38CFR. Feel confident that your history and records are thoroughly reviewed and used in developing the right medical evidence to support your VA disability benefits." | ✔ | ✔ | |

| Category | Source | Para. | Statement | Applicable Legal Defense | | |
|---|---|---|---|---|---|---|
| | | | | *Non-Actionable Opinion* | *Conclusory Allegations; Not False or Misleading* | *Not Commercial Advertising or Promotion* |
| **Nature of Services Statements** | Website | ¶ 104 | Trajector Medical "develop[s] medical evidence to support [veterans'] pursuit of the VA disability benefits [they] medically, legally and ethically qualify for. . . . You've probably tried to secure your disability benefits on your own – often resulting in frustration and confusion. . . . We've helped tens of thousands of Veterans just like you." | ✓ | ✓ | |
| | Website | ¶ 109 | Trajector Medical will "help [veterans] record the important medical symptoms, facts, and impairments related to [their] disabilities in a clear, concise, and ethical manner that helps connect the dots for the VA decision makers" and "[g]enerate a personalized list | ✓ | ✓ | |

A-2

| Category | Source | Para. | Statement | Applicable Legal Defense | | |
|---|---|---|---|---|---|---|
| | | | | *Non-Actionable Opinion* | *Conclusory Allegations; Not False or Misleading* | *Not Commercial Advertising or Promotion* |
| | | | of potential overlooked or underrated disabilities for [the veteran's] review." | | | |
| | Website | ¶ 127 | "We are a medical evidence development company that works to maximize the VA disability benefits for which you are medically, legally and ethically qualified.  A VSO may not be able to provide the evidence we can. . . . We do not assist Veterans with filing their claims; however, an accredited VSO may be able to assist with this." | ✔ | ✔ | |
| | S-1 | ¶¶ 14, 143 | "We help each Veteran develop a personalized medical strategy based on their medical evidence, including identifying critical connections between symptoms and medical | | ✔ | ✔ |

| Category | Source | Para. | Statement | Applicable Legal Defense | | |
|---|---|---|---|---|---|---|
| | | | | *Non-Actionable Opinion* | *Conclusory Allegations; Not False or Misleading* | *Not Commercial Advertising or Promotion* |
| | | | conditions to formal medical diagnoses and linking them when appropriate to their military service so that our clients may prepare and submit these claims to the VA." | | | |
| | S-1 | ¶¶ 14, 143 | "Our Veteran-VA focused services . . . assist[] Veterans in evaluating their disabilities to understand how those disabilities are connected to their military service and how those disabilities fit within the VA Disability Rating criteria used by the VA for determining compensation." | | ✔ | ✔ |
| | Congressional Hearing | ¶ 105 | Trajector Medical "offer[s] targeted professional medical consulting services that, while limited in scope and nature, can make a tremendous impact as a | | ✔ | ✔ |

| Category | Source | Para. | Statement | Applicable Legal Defense | | |
|---|---|---|---|---|---|---|
| | | | | *Non-Actionable Opinion* | *Conclusory Allegations; Not False or Misleading* | *Not Commercial Advertising or Promotion* |
| | | | supplement to existing free services." | | | |
| **Fee Statements** | Website | ¶ 104 | Trajector Medical offers a "Free Medical Evaluation," stating: "We NEVER charge any fees unless you receive a benefit from our services." | | ✔ | |
| | Contract | ¶ 113 | "You promise to pay our standard fee, which is equal to five (5) times the amount your monthly VA compensation increases by.  In addition, Trajector Medical may charge a monthly service charge on amounts not paid when due from the due date until paid at the lesser of 1% percent per month or the maximum legal rate.  However, if you pay your balance in full within ninety (90) days of the date on your | | ✔ | |

| Category | Source | Para. | Statement | Applicable Legal Defense | | |
|---|---|---|---|---|---|---|
| | | | | *Non-Actionable Opinion* | *Conclusory Allegations; Not False or Misleading* | *Not Commercial Advertising or Promotion* |
| | | | VA claim notification letter, we will waive your monthly service charges.  You agree that this fee and any additional monthly service charge is not a loan or forbearance but rather viewed as part of the fee for the services we provide.  You shall pay all costs of collection, including, without limitation, reasonable attorney fees.” | | | |
| | Contract | ¶ 114 | “The [Trajector Medical] agreement goes on to impose additional fees, from additional ‘service fees,’ requiring veterans to pay the standard fee plus an additional 10, 20, or 25 percent of their future benefits increases for certain types of claims.  One additional fee, for appeals, contemplates Trajector Medical charges ‘ongoing | | ✓ | |

| Category | Source | Para. | Statement | Applicable Legal Defense | | |
|---|---|---|---|---|---|---|
| | | | | *Non-Actionable Opinion* | *Conclusory Allegations; Not False or Misleading* | *Not Commercial Advertising or Promotion* |
| | | | medical evidence development and medical consulting services required during the appeal period.'" | | | |