UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WARRIORS AND FAMILY
ASSISTANCE CENTER LLC,
TONYA PRICE, MANRING &
FARRELL ATTORNEYS AT LAW,
and CLIFFORD FARRELL,
individually and on behalf of all
others similarly situated,

        *Plaintiffs*,

   v.

TRAJECTOR MEDICAL, LLC,

        *Defendant*.

Case No: 1:23–cv–290–AW–HTC

**MOTION TO STAY DISCOVERY AND ALL CASE DEADLINES**

Defendant Trajector Medical, LLC ("Trajector Medical") respectfully moves to stay discovery and all case deadlines pending the resolution of Plaintiffs' pending Motion for Leave to Amend, ECF No. 123 ("Motion to Amend"), and any subsequent dispositive motion practice if the Court allows Plaintiffs to file a Fourth Amended Complaint.

All parties agree that a stay is appropriate at this point, but they disagree as to how long the stay should last. Plaintiffs believe the stay should be lifted once the Court rules on their Motion to Amend. Defendant believes that, in the event the Court allows Plaintiffs to file a Fourth Amended Complaint, a stay should be continued through motion practice on the pleadings.

## **PRELIMINARY STATEMENT**

On October 3, 2025, after nearly two years of litigation, Plaintiffs filed a Motion to Amend. The Proposed Fourth Amended Complaint re-writes the operative complaint, which Plaintiffs conceded at a hearing in September would "blow . . . up" the discovery schedule. As Trajector Medical explained in its opposition to Plaintiffs' Motion for Leave to Amend, the proposed Fourth Amended Complaint would add a new plaintiff and class (the Veterans of Foreign Wars of the United States ("VFW") and a Veterans Service Organization ("VSO") class), seven new defendants (including three previously dismissed), and five new claims—including three civil RICO counts and a declaratory-judgment claim—

1

while also expanding the class period and dropping half of the existing plaintiffs. Any one of these amendments would substantially change the scope of discovery and require the parties to revisit prior work. To avoid significant inefficiency and unnecessary cost, this Court should stay discovery and all case deadlines until it determines which claims and parties will proceed.

*First*, moving forward now would risk duplicating work already done. If the proposed RICO and declaratory-judgment claims are allowed, Trajector Medical would need to re-collect and re-review extensive materials on new topics, again drawing business personnel away from daily operations and imposing significant, avoidable cost.

*Second*, discovery disputes that arise while amendment is pending could quickly become moot. Plaintiffs have already moved once to compel, and additional motions would likely follow given their expansive discovery requests. Those disputes—and any motions to compel Trajector Medical may itself file—would waste party and judicial resources if the Court later narrows or reshapes the pleadings.

*Third*, a stay will not prejudice Plaintiffs. Both sides and the Court have recognized that the current schedule does not account for Plaintiffs' proposed amendments, which would inevitably require resetting deadlines. Regardless of the Court's decision on the Motion to Amend, the parties are in agreement that

2

they will need an extension of discovery deadlines once a stay is lifted. A stay now through motion practice on the pleadings would simply preserve resources and allow the parties to proceed efficiently once the scope of the case is ultimately settled.

## ARGUMENT

The Court has "broad discretion in managing pretrial discovery matters." *Rivas v. The Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (citing *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002)). That discretion is reinforced by Federal Rules of Civil Procedure 1 and 26(b)(1), which require that discovery remain "proportional to the needs of the case" and that proceedings be conducted to secure the "just, speedy, and inexpensive determination of every action." A stay ensures that discovery remains proportional to the needs of the case, as Rule 26(b)(1) requires, including by preventing premature and irrelevant discovery.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Caballero v. Fuerzas Armadas Revolucionarios de Colombia*, No. 18-25337, 2023 WL 187685, at *10 (S.D. Fla. Jan. 15, 2023) (citing *Valdes v. Accounts Receivable Res., Inc.*, No. 19-80673, 2020 WL 13444021, at *1 (S.D. Fla. Jan. 7, 2020)). As discussed in greater detail

3

below, an appropriate stay will "promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions." *Id.* (citing *Snyder v. Green Roads of Fla. LLC*, 430 F. Supp. 3d 1297, 1302 (S.D. Fla. 2020)). As the Eleventh Circuit has long recognized, a stay is particularly appropriate where there is uncertainty over the viability of claims that would "substantially enlarge[] the scope of discovery[.]" *James v. Hunt*, 761 F. App'x 975, 981 (11th Cir. 2018) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997)).

I.  **At a Bare Minimum, the Parties Agree the Court Should Stay Discovery and Case Deadlines Pending Resolution of the Motion to Amend.**

This Court previously expressed concern that Plaintiffs' proposed amendments would "blow the entire [discovery] schedule up," which Plaintiffs candidly conceded. *See* Sept. 23 Tr. 51:8-9, 62:17-18 (Plaintiffs' counsel: "it would blow things up if [the Motion to Amend] is granted"). The Motion to Amend has introduced substantial uncertainty over the actual claims to be litigated, who the named Plaintiffs and putative class members bringing those claims will be, which defendants those claims will be brought against, and what time period will be at issue in those claims.

Proceeding with discovery under the operative complaint while substantial uncertainty looms over the foundation of this case is both wasteful and prejudicial. For example, Plaintiffs' Second Set of Requests for Production seeks documents going back to 2019 despite the operative complaint defining the start date of the

4

class period as December 4, 2020.[1]  *See* ECF No. 69 ¶ 55.  Because Plaintiffs' Motion to Amend seeks to expand the class period from 2020 to 2019, neither party knows what time frame will govern discovery.  Continuing with discovery before resolving that issue risks unnecessary document collection and motion practice—precisely the type of inefficiency a temporary stay is designed to avoid.  *See Caballero*, 2023 WL 187685, at *10.

Questions over what issues and which parties will be a part of this case will waste "time and effort for [the Court], for counsel, and for litigants."  *Id.*  (citing *Valdes v. Accounts Receivable Res., Inc.*, No. 19-cv-80673, 2020 WL 13444021, at *1 (S.D. Fla. Jan. 7, 2020)).  Plaintiffs have proposed civil RICO and declaratory-relief claims that put the legality of Trajector Medical's business squarely at issue when it is otherwise not relevant to any of the surviving claims of the operative complaint.  ECF No. 123-1 (Counts IV-VII).  As with the class period, there is now substantial uncertainty over whether Trajector Medical will need to provide discovery concerning the legality of its business model, which it is currently under no obligation to.  *See* ECF No. 78 at 7 (the Court recognizing that the three advertising "statements identified in the TAC represent nothing about the legality

---

[1] To date, Trajector Medical has limited, and will limit, any responses to these requests to "documents in its possession, custody, or control dated from the beginning of the alleged class period":  December 4, 2020.

or illegality of Trajector Medical's services" and thus "we need not resolve the legality of those business practices to resolve Plaintiffs' Lanham Act claim"). By avoiding this issue altogether, staying the case pending the Motion to Amend's resolution would promote "economy of time and effort" for the parties, their counsel, and the Court. *Caballero*, 2023 WL 187685, at *10.

In the absence of a stay, both sides could expend time on motions to compel discovery that may be mooted by the Court's ruling on the amendment. Plaintiffs have already filed one such motion, and additional disputes are foreseeable given Plaintiffs' expansive discovery requests and failure to produce documents in compliance with the parties' ESI protocol or to provide verified amended interrogatory responses for named Plaintiffs, Tonya Price and Warriors and Family Assistance Center LLC. A stay would avoid needless briefing and hearings on issues that may never materialize, preserving resources for the disputes that actually matter once the pleadings are set (if any exist at that point).

A stay will also minimize the amount of back-tracking the parties will need to do through their completed discovery requests. Most significantly, revisiting discovery would divert key Trajector Medical employees and business units that have already spent substantial time assisting counsel with prior searches and document reviews. These personnel are not litigation staff; they are responsible for serving veterans and managing day-to-day operations. Forcing them to repeat

6

those efforts before the Court clarifies what claims and timeframes will govern discovery would impose a substantial, unnecessary burden on the business. For example, despite Defendant's repeated effort to secure a date to depose the named Plaintiffs, there have only been two depositions taken so far, and, therefore, the parties risk potentially repeating depositions should amendment be permitted without a stay of discovery.

Given the complications that follow from proceeding on the current case schedule, and in light of the impending expert disclosure deadlines beginning in January, staying discovery and current case deadlines pending resolution of the Motion to Amend is in the best interests of the parties and the Court.

## II. The Stay Should Remain in Effect through Any Motion to Dismiss Ruling.

If amendment is permitted, Trajector Medical will move under Rule 12(b)(6) to dismiss the new complaint in its entirety for the same reasons previewed in its opposition to Plaintiffs' Motion to Amend. Any new defendants may similarly move to dismiss under 12(b)(6). A brief stay would prevent the parties and the Court from expending resources on discovery that may be rendered moot. The benefits of that stay outweigh the nonexistent value of conducting discovery before resolving the "purely legal question" of whether Plaintiffs have stated a claim. *Chudasama,* 123 F.3d at 1367 (11th Cir. 1997).

Given this reality, courts routinely stay discovery where pending dispositive motions raise threshold legal issues that may resolve or drastically narrow the case. *See, e.g.*, *id.* ("[A] motion to dismiss based on failure to state a claim for relief[] should . . . be resolved *before* discovery begins.") (emphasis added); *see also Roberts v. FNB S. of Alma, Ga.*, 716 F. App'x 854, 857 (11th Cir. 2017) (district court did not err in granting discovery stay pending ruling on motion to dismiss for failure to state a claim); *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (district court did not err in granting discovery stay pending defendants' motion for judgment on the pleadings).

Indeed, this Court previously granted a stay of discovery pending resolution of Defendant's motion to dismiss Plaintiffs' First Amended Complaint, acknowledging "the burdens to Defendants in facing discovery before it is clear that there is a well-pleaded claim." ECF No. 52 at 1. That principle applies with particular force here, where Plaintiffs' proposed amendments would multiply the scope of discovery severalfold.

When evaluating a request to stay discovery, courts take a "preliminary peek" to determine whether the pending motion presents an "arguably meritorious challenge." *Hetherington v. Lee*, No. 3:21-CV-671-MCR-EMT, 2021 WL 7084092, at *1 (N.D. Fla. June 24, 2021). Here, the futility arguments in Trajector Medical's opposition, ECF No. 130 at 14-27, provide that preliminary peek: they

8

demonstrate that a motion to dismiss the proposed complaint "could be granted and [the proposed amendments] entirely terminated." *Williams v. Rest. Techs., Inc.*, No. 3:16CV266/MCR/EMT, 2017 WL 5953301, at *1 (N.D. Fla. May 30, 2017).

A stay is especially appropriate because Plaintiffs' proposed RICO counts sound in fraud and must satisfy Rule 9(b). *See Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1216 (11th Cir. 2020). Thus, allowing Plaintiffs "a ticket to the discovery process" without stating a claim would nullify the particularity requirement of Rule 9(b). *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006); *see also James*, 761 F. App'x at 981 (district court did not abuse its discretion in staying discovery until ruling on defendants' pending motion to dismiss "especially in light of the fact the Plaintiffs' fraud-based claims would have substantially enlarged the scope of discovery and were largely unpersuasive").

In short, a stay will conserve the resources of the parties and the Court, prevent discovery into claims that may never proceed, prevent discovery into new parties that may ultimately be dismissed, and ensure that discovery is appropriately tailored once the pleadings are settled (to the extent any amendment is allowed).

### III. The Requested Stay Would Not Prejudice Plaintiffs.

The requested stay is temporary and limited, and would not preclude the parties from continuing to gather evidence or from informal exchanges of

information as necessary. Moreover, any subsequent delay would be a direct result of Plaintiffs' strategic choice to delay filing their Motion to Amend after their failed Motion for Protective Order. The Court should not find undue prejudice to Plaintiffs because the stay is a consequence of Plaintiffs' litigation strategy.

In addition, as the parties and the Court have already recognized, *if* Plaintiffs succeed in amending their complaint, the parties will again need to seek a new schedule of case deadlines. *See* Sept. 23 Tr. 51:05-12; 62:06-21. As Plaintiffs noted during the September 23 hearing, the operative scheduling order does not take into account Plaintiffs' proposed amendments as Plaintiffs were unable to provide Defendant with a copy of their proposed amended complaint in advance. *See* Sept. 23 Tr. 62:12-15.

By contrast, proceeding with discovery and the current case deadlines could create a significant burden and expense on all parties, as well as the Court. This could be avoided if discovery and case deadlines are stayed pending the outcome of Plaintiffs' Motion to Amend and, if necessary, the defendants' anticipated motion to dismiss. *Chudasama*, 123 F.3d at 1368.

## **CONCLUSION**

For the foregoing reasons, the Court should stay discovery and all case deadlines pending resolution of Plaintiffs' Motion for Leave to Amend and defendants' anticipated motion to dismiss, should any amendment be allowed. The

requested stay is brief and targeted; it would automatically lift once the Court rules on Plaintiffs' Motion to Amend or, if amendment is allowed, after resolution of any motion to dismiss.

Respectfully submitted,

Dated: November 18, 2025
New York, NY

DEBEVOISE & PLIMPTON LLP

By: /s/ *Megan K. Bannigan*

Megan K. Bannigan (*pro hac vice*)
Jared I. Kagan (*pro hac vice*)
Timothy Cuffman (*pro hac vice*)
Alessandra G. Masciandaro (*pro hac vice*)
Jennifer M. Romero (*pro hac vice*)
66 Hudson Boulevard
New York, New York 10001
Telephone: 212.909.6000
mkbannigan@debevoise.com
jikagan@debevoise.com
tcuffman@debevoise.com
amasciandaro@debevoise.com
jmromero@debevoise.com

KING, BLACKWELL, ZEHNDER
& WERMUTH, P.A.

Frederick S. Wermuth
(Fla. Bar No. 0184111)
25 E. Pine St.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com

*Counsel for Defendant Trajector Medical, LLC*

11

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

Counsel for Defendant conferred with counsel for Plaintiffs on the foregoing motion to stay discovery and all case deadlines.  Although the parties agree on a stay, they disagree as to how long a stay should last.  Defendant believes that, in the event the Court allows Plaintiffs to file a Fourth Amended Complaint, a stay should be continued through motion practice on the pleadings.  Plaintiffs believe the stay should be lifted once the Court rules on their Motion for Leave to Amend.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Undersigned counsel, Megan K. Bannigan, certifies that this motion contains 2,322 words, excluding the case style and certifications.

/s/ *Megan K. Bannigan*<br>Megan K. Bannigan